■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. SLACK, Appellant. [733 NYS2d 746] —Appeal from a judgment of the County Court of Otsego County (Scarzafava, J.), rendered May 23, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was the subject of two indictments, dated August 27, 1997 and November 25, 1997, each of which charged him with two counts of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree. On February 10, 1998, defendant pleaded guilty to all six counts. County Court then sentenced defendant to five years' probation on his conviction arising out of the August indictment. Upon defendant's consent, sentencing on his conviction arising out of the November indictment was adjourned for one year with the understanding that if defendant violated the terms of his probation during the one-year period, the maximum sentence would be imposed on his convictions under both indictments.

By the end of the one-year period, defendant had been arrested and incarcerated in Connecticut on assault and drug charges. Due to his incarceration, defendant was unable to appear before County Court until May 23, 2000. On that date, County Court revoked defendant's probation and sentenced him to concurrent prison terms of 2½ to 7 years on both indictments.

Defendant contends on this appeal that the delay between February 10, 1998, when he first pleaded guilty, and May 23, 2000, when he was resentenced by County Court, constituted an unreasonable delay in pronouncing sentence causing County Court to lose jurisdiction of the case and requiring dismissal of the underlying indictments (see, CPL 380.30). We disagree. Defendant knowingly, voluntarily and intelligently waived his right to prompt sentencing during his plea allocution (see, People v Jones, 255 AD2d 456; see generally, People v Muniz, 91 NY2d 570) and, accordingly, we find no error in the procedure employed by County Court.

We are similarly unpersuaded by the contention that the sentence imposed was harsh and excessive. Given defendant's criminal history, including several previous alcohol-related convictions, the sentences cannot be said to constitute an abuse of the court's discretion (see, People v La Shomb, 285 AD2d 837; People v Domin, 284 AD2d 731, lv denied 96 NY2d 918).

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.