■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FINCH, Appellant. [759 NYS2d 611] —Cardona, P.J.

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 6, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

On January 1, 2000 and February 23 and 29, 2000, defendant was stopped for certain traffic violations which included operating a motor vehicle with a suspended license. He was subsequently charged in a 13-count indictment with various Vehicle and Traffic Law offenses, including aggravated unlicensed operation of a motor vehicle in the first degree (three counts). In May 2000, defendant attempted to plead guilty, however, County Court refused to accept the plea because he failed to adequately allocute to all the elements of aggravated unlicensed operation of a motor vehicle in the first degree. Thereafter, following completion of the pretrial hearings, County Court permitted defendant to enter a guilty plea to the entire indictment with the understanding that the sentence would be no greater than $1\frac{1}{3}$ to 4 years in prison. On June 28, 2000, County Court adopted the People's recommendation and sentenced defendant upon his three convictions for aggravated unlicensed operation of a motor vehicle to three concurrent terms of probation of five years with one condition mandating six months in the county jail.* The court further revoked defendant's driving privileges and ordered him not to operate a motor vehicle without the permission of the Department of Motor Vehicles and his probation officer. The court also warned defendant that if he violated probation, he would receive the maximum state prison sentence on each of the convictions to run consecutively.

In April 2001, defendant was arraigned on a violation of probation based upon his arrest on March 31, 2001 for various traffic offenses, including aggravated unlicensed operation of a motor vehicle. Following a hearing, County Court determined that defendant violated his probation, revoked that probation and resentenced defendant to three prison terms of $1\frac{1}{3}$ to 4 years with the first two terms to run consecutively and the third term to run concurrently with the first two, for a total aggregate prison term of $2\frac{2}{3}$ to 8 years.

On appeal, defendant claims that County Court deprived him of due process because of its alleged bias. In support of that claim, defendant cites two statements made by the court during the proceedings in May 2000 which preceded his guilty plea. Viewed in context, we find that while those statements may have reflected the court's frustration with defendant's

---

* On the remaining counts of the indictment, defendant was sentenced either to time served or a conditional discharge.

conduct, neither demonstrated actual bias. To the contrary, our review of the record reveals that County Court scrupulously protected defendant's due process rights.

Next, defendant argues that his resentence was harsh and excessive. Given the record evidence of his persistent violation of the crime of aggravated unlicensed operation of a motor vehicle (*see People v Slack,* 288 AD2d 765 [2001], *lv denied* 97 NY2d 709 [2002]) and the failure of the probation term to deter this conduct, we cannot say that County Court abused its discretion by imposing the prison terms. Moreover, neither defendant's age nor his explanation of the incident of aggravated unlicensed operation resulting in his probation violation constitutes extraordinary circumstances warranting the exercise of our discretion to modify the resentence in the interest of justice (*see* CPL 470.15 [6] [b]).

We have considered defendant's remaining contentions, including those raised in his pro se supplemental brief, and find that they are either unpreserved for our review or lack merit.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.