■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. YORK, Appellant. [770 NYS2d 169]—

Cardona, P.J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered September 5, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted of a felony count of driving while intoxicated and, on July 2, 2002, was sentenced to, inter alia, five years' probation. Thereafter, defendant's July 10, 2002 drug screening test revealed the presence of cocaine and marihuana. Those findings provided the basis for a petition charging defendant with violating the terms of his probation, specifically special condition number five, which mandated that defendant shall "[a]void the use of all illegal drugs in medication which have not been specifically prescribed for [him] by a [p]hysician." Subsequently, an amended violation petition was filed on July 25, 2002 charging defendant with, among other things, possessing cocaine and, thus, violating special condition number 11, which provided that defendant shall "not violate any state, federal, or municipal law."

Thereafter, a hearing was conducted before County Court during which the parties agreed to limit the proof to the initial petition concerning the positive drug screening test. The allegations in the amended petition relating to defendant's alleged cocaine possession would be considered at a later date, if necessary. At the conclusion of the hearing, County Court determined that defendant violated the terms of his probation and sentenced him to 1⅓ to 4 years in prison, prompting this appeal.

In our view, defendant's probation was properly revoked although our reasons for that conclusion differ from that of County Court. Although the original petition, as noted above, only referenced special condition number five, it is apparent that the court, after finding that defendant used cocaine as established by the drug screening test, did not rely on that condition. Instead, the court revoked defendant's probation pursuant to CPL 410.10 (2), which provides that a probationer's commission of an additional criminal offense "constitutes a ground for revocation of such [probationary] sentence irrespective of whether such fact is specified as a condition of the sentence" (*see People v Schneider,* 188 AD2d 754 [1992], *lv denied* 81 NY2d 892 [1993]).* Regardless of the merit of that conclusion, we find no reason to address it inasmuch as the transcript of the revocation hearing reveals that defendant's violation of special condition number five was established by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Van Valkenburgh,* 304 AD2d 986, 986 [2003]; *People v Compagni,* 241 AD2d 573, 573 [1997]).

---

* As noted by defendant, County Court also stated that it considered defendant's cocaine use during his probationary period as a violation of special condition number 11, which was not invoked in the original petition. However, even assuming that statement was not dicta, it is not relevant given our disposition of this matter.

Specifically, we note that CPL 410.70 (2) provides that, in connection with the revocation of a defendant's probation, "[t]he court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred." Here, the initial petition stated with particularity that defendant submitted to a drug screen at a facility in the City of Oneida, Madison County, on July 10, 2002, which registered positive for, inter alia, cocaine, thus violating special condition number five. Although special condition number five is poorly drafted and the inclusion of the phrase "in medication" is confusing, it is sufficiently clear from the language that the use of illegal drugs, i.e., controlled substances, is prohibited unless prescribed by a physician. In our opinion, defendant received adequate notice that using cocaine would constitute a probation violation (*see People v Tucker*, 302 AD2d 752, 753 [2003]).

Furthermore, in light of defendant's extensive criminal history, which includes numerous alcohol-related convictions, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Finch,* 306 AD2d 554, 556 [2003]; *People v Smith,* 301 AD2d 744, 745 [2003]).

Defendant's remaining arguments have been considered and found to be unpersuasive.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.