■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. JANGROW, Appellant. [823 NYS2d 627]—

Mugglin, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 24, 2005, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree and violating the terms of his probation.

Defendant, while on probation for the commission of a felony, committed grand larceny in the fourth degree by receiving and cashing unemployment checks in excess of $1,000, although he was at that time gainfully employed. On June 1, 2005, in exchange for a prison sentence recommendation of 1½ to 3 years to run concurrently with the sentence he would receive for violating his probation by committing this additional crime, defendant executed a waiver of indictment, which also included a waiver of appeal, and he entered a plea of guilty to grand larceny in the fourth degree. On July 14, 2005, defendant appeared before the same court with respect to the violation of probation petition. Defendant's attorney waived the reading of the petition, waived the court advising defendant of his rights and entered a not guilty plea. When reminded of the prior proceedings, counsel apologized but did not withdraw the not guilty plea. Thereafter, defendant was sentenced for grand larceny in the fourth degree and violating his probation to respective concurrent terms of imprisonment. He now appeals, asserting that the plea allocution to the violation of probation was deficient and his sentence is excessive.

We affirm. Since a violation of probation proceeding is not a criminal proceeding (see People v Haas, 245 AD2d 825, 827 [1997]), there is no requirement that defendant enter a formal plea to the petition (see CPL 410.70). A violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an op-

portunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated (*see* CPL 410.70 [1], [3]). In our view the record contains sufficient facts to establish by a preponderance of the evidence that defendant knew that he violated the terms and conditions of his probation by committing the offense of grand larceny in the fourth degree. Since defendant was given ample opportunity to be heard with respect to the violation of probation, it cannot fairly be concluded that County Court abused its discretion in revoking defendant's probation.

Defendant's claim that his sentence was harsh and excessive will not be reviewed given his valid waiver of appeal, unchallenged here (*see People v Mejia*, 30 AD3d 694, 694 [2006]; *People v Cain*, 29 AD3d 1032, 1033 [2006]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.