■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD OEHLER, Appellant. [859 NYS2d 525]—

Stein, J. Appeal from a judgment of the County Court of War-

ren County (Hall, Jr., J.), rendered June 21, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In July 2003, defendant pleaded guilty to driving while intoxicated, a class D felony. He was subsequently sentenced to five years of probation and ordered to participate in drug court, which he completed. On January 1, 2006, defendant was visited by probation officers who discovered bags of empty beer cans, as well as several other empty beer cans and at least one beer can that was partially full on the counter in his home. Defendant submitted to and passed a breathalyser test, but repeatedly refused to submit to a urine test. A violation of probation petition was filed and a hearing was conducted. After finding that defendant had violated his probation, County Court revoked his probation and sentenced him to a prison term of $2^1/_3$ to 7 years, prompting this appeal.

In a probation violation hearing, the court is authorized to examine "any relevant evidence not legally privileged" (CPL 410.70 [3]). A finding that a defendant has violated a condition of his or her sentence must be supported by a preponderance of the evidence (see CPL 410.70 [3]). As relevant here, the terms of defendant's probation required him to "[s]ubmit to random drug testing when ordered by the Probation Officer," at his expense, and to "[n]ot purchase, possess, or indulge in the use of alcohol." It is undisputed that defendant refused to submit a urine sample for testing on the day that the probation officers were at his home. This, in and of itself, is sufficient to support a finding that defendant violated the terms of his probation. In addition, one of the probation officers testified that defendant possessed a can of beer which was half full. This evidence clearly supports a finding that defendant possessed alcohol, as well as an inference that he indulged in its use. Defendant's allegations that he was unable to afford a urine test and that he was recycling the cans merely raised issues of credibility to be resolved by County Court (see People v Neuroth, 172 AD2d 886, 887 [1991], lv denied 78 NY2d 956 [1991]). Even if we were to find merit to defendant's contention that County Court erroneously elicited testimony on the EtG test without first conducting a Frye hearing, we would find it to be harmless error, as the remaining evidence amply supported the court's determination that defendant violated the terms of his probation.

We reject defendant's contention that the trial judge should have recused himself. Recusal was not mandatory under Judiciary Law § 14, as neither the judge nor anyone related to him had a personal interest in the outcome of the case. Otherwise, the judge is the sole arbiter of the decision to recuse (see People

*v Saunders*, 301 AD2d 869, 871 [2003], *lv denied* 100 NY2d 542 [2003]), and we find nothing in the record to indicate that he abused his discretion.

We find similarly unavailing defendant's claim that the sentence was harsh and excessive, particularly in light of his criminal history and the absence of any extraordinary circumstances dictating a more favorable sentence (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Longo*, 182 AD2d 1019, 1022 [1992], *lv denied* 80 NY2d 906 [1992]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.