felony offender to $2^{1}/_{4}$ to $4^{1}/_{2}$ years in prison. Defendant now appeals.

Defendant's appellate counsel requests that she be relieved of her assignment on the basis that there are no nonfrivolous issues to be advanced on appeal. Having reviewed counsel's brief, defendant's pro se letter and the record, we agree. As such, the judgment is affirmed and counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mercure, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.

■ The People of the State of New York, Respondent, v Jerry Carter, Appellant. [872 NYS2d 247]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 5, 2008, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2006, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree and was sentenced to six months in jail and five years of probation. County Court subsequently found that defendant violated certain terms of his probation and, as a result, revoked his probation and resentenced him to $2^{1}/_{2}$ years in prison and one year of postrelease supervision. Defendant now appeals.

Defendant's contention that County Court improperly revoked his probation is unavailing. A court is entitled to revoke a defendant's probation "if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (*People v Jangrow*, 34 AD3d 991, 991-992 [2006]). In this case, a hearing was conducted wherein both defendant and his probation officer gave testimony. The probation officer's testimony established that defendant violated several conditions of his probation by, among other things, using marihuana, failing to maintain verifiable employment and failing to report to the probation officer as directed.

We likewise find no merit to defendant's claim that the resentence is harsh and excessive. The record reveals neither an abuse of discretion by County Court nor the existence of any extraordinary circumstances warranting a reduction of the resentence (*see People v Mazzara*, 49 AD3d 918 [2008]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.