■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DEMARCO, Appellant. [875 NYS2d 602]—

Malone Jr., J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered August 27, 2007, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2003, defendant was convicted of attempted criminal sale

of marihuana in the second degree and was sentenced to five years of probation. He subsequently violated the conditions of his probation on two occasions by using illegal drugs. Thereafter, he was continued on probation under an amended order with additional conditions. In 2007, defendant was arrested on criminal charges when child pornography was discovered on a computer that he had previously owned. As a result, a declaration of delinquency was issued and he was charged with violating condition No. 5 of the amended order of probation, which prohibited him from violating any state, federal or municipal laws. Thereafter, following an evidentiary hearing pursuant to CPL 410.70, County Court found that defendant violated Penal Law § 263.11 by knowingly possessing pornographic material depicting an obscene sexual performance by children less than 16 years of age. As a result, County Court found that he violated condition No. 5 of his probation and sustained the declaration of delinquency. Defendant's probation was revoked and he was resentenced to 1 to 3 years in prison. He now appeals.

Initially, we note that " '[a] violation of probation proceeding is summary in nature and a sentence of probation may be revoked if the defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated' " (*People v Bost*, 39 AD3d 1027, 1027-1028 [2007], quoting *People v Jangrow*, 34 AD3d 991, 991-992 [2006] [citation omitted]; *see People v Washington*, 55 AD3d 933, 933-934 [2008]; *People v Maldonado*, 44 AD3d 793, 793-794 [2007], *lv denied* 9 NY3d 1035 [2008]). County Court's credibility determinations in this regard are entitled to great deference (*see People v Cruz*, 35 AD3d 898, 899 [2006], *lv denied* 8 NY3d 845 [2007]). Furthermore, the court's decision to revoke probation will not be disturbed absent a clear abuse of discretion (*see People v Osborne*, 38 AD3d 1132, 1132 [2007], *lv denied* 9 NY3d 849 [2007]).

In the case at hand, defendant asserts that there was insufficient evidence to establish that he knowingly possessed child pornography and, therefore, his probation violation was not established by a preponderance of the evidence. Based upon our review of the record, we disagree. A police investigator with the Otsego County Sheriff's Department testified that the computer was seized from Sean Gonser who acquired it from defendant on or about June 27 or 28, 2006, following a flood. He stated that the computer contained images of child pornography, as well as pictures of defendant and family, in a directory entitled "Chris." According to the forensic investigator who conducted a detailed examination of the hard drive of the computer, these

images were created during the time that defendant had possession of the computer and were last accessed just prior to the time that he traded it to Gonser in exchange for a paint ball gun. Although defendant denied downloading child pornography onto the computer and maintained that many other individuals who had access to it could have done so, this presented a credibility issue for County Court to resolve. On the record before us, we cannot say that County Court abused its discretion in finding that defendant violated his probation by violating Penal Law § 263.11. Likewise, we find no merit to defendant's claim that the 1- to 3-year sentence is harsh and excessive given defendant's multiple probation violations and the absence of any extraordinary circumstances warranting a reduction of the sentence (*see People v Oehler*, 52 AD3d 955, 957 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Osborne*, 38 AD3d at 1132-1133).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.