■ The People of the State of New York, Respondent, v Brenda J. Wells, Appellant. [894 NYS2d 213]—

Kavanagh, J.

In April 2008, defendant was convicted of driving while intoxicated and sentenced to five years of probation. The terms of probation included that defendant "[m]eaningfully participate in, cooperate with and successfully complete any alcohol or substance abuse counseling and/or treatment program as directed by the Probation Department" and that she not use alcoholic beverages. County Court subsequently found that defendant had violated these terms, revoked her probation and resentenced her to a prison term of 1 to 3 years. Defendant now appeals.

A court may revoke a defendant's probation provided the "defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated" (*People v Jangrow*, 34 AD3d 991, 991-992 [2006]; *accord People v DeMarco*, 60 AD3d 1107, 1108 [2009]). Here, defendant contends that there was insufficient evidence establishing her probation violation. We disagree. With respect to the allegation that defendant failed to complete a prescribed treatment program, there is evidence in the record that defendant failed to either participate in or complete various prescribed programs, and the case manager of a program that defendant did participate in testified that defendant was dismissed from the program due to disruptive and disrespectful behavior. Moreover, defendant admittedly violated the term of probation forbidding the use of alcohol, testifying that she drank beer the day after being placed on probation. Under these circumstances, we find no reason to disturb County Court's determination that defendant violated her probation (*see People v Garner*, 56 AD3d 951, 952 [2008], *lv denied* 12 NY3d 783 [2009]). We find similarly unavailing defendant's contention that her sentence was harsh and excessive, as our review of the record reveals no clear abuse of discretion by County Court nor the existence of extraordinary circumstances warranting a reduction of the resentence (*see People v Hunter*, 62 AD3d 1207, 1208 [2009]; *People v Carter*, 59 AD3d 750, 750 [2009]; *People v Wheeler*, 52 AD3d 948, 948 [2008]).

Cardona, P.J., Peters, Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.