■ The People of the State of New York, Respondent, v Tammy L. Campbell, Appellant. [912 NYS2d 815]—

Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered October 22, 2009, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted in 2006 of the crime of driving while intoxicated and was sentenced to five years of probation. In 2009, she was charged with violating various terms and conditions of her probation and, following a hearing, was found guilty of violating the conditions of her probation by failing to report for alcohol and drug testing and by submitting a false statement to the drug treatment court indicating that she was at work at the time that she failed to report. Consequently, her probation was revoked and she was resentenced to 1⅓ to 4 years in prison. She now appeals.

Contrary to defendant's claim, the record reveals that her probation violations were established by a preponderance of the evidence (*see People v Wells*, 69 AD3d 1228, 1229 [2010]; *People v Oehler*, 52 AD3d 955, 956 [2008], *lv denied* 11 NY3d 792 [2008]). Both the senior probation officer and drug court coordinator testified that defendant did not appear for alcohol and drug testing on August 15, 2009 as directed. Although de-

fendant submitted a statement from her employer indicating that she was at work at the time, her employer's general manager testified that defendant was not at work at the time the test was to be conducted. Thus, defendant not only failed to submit to the test, but she also provided false documentation to explain such failure, in clear violation of the conditions of her probation. Furthermore, we reject defendant's claim that County Court's imposition of a 1¹/₃ to 4-year prison term is harsh and excessive. Under the circumstances presented here, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the resentence in the interest of justice (*see People v Wells*, 69 AD3d at 1229). Therefore, we decline to disturb the judgment of conviction.

Cardona, P.J., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.