■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAMBI D. SMITH, Also Known as BAMBI D. HOFFMAN-MILLER, Appellant. [929 NYS2d 772]—

Defendant pleaded guilty to attempted robbery in the second degree and forgery in the second degree in satisfaction of the charges contained in an indictment and superior court information. She also waived her right to appeal. During the plea proceedings, there was some discussion that defendant would receive a split sentence, but instead, she was placed on interim probation for one year. Defendant subsequently violated the terms of her interim probation and was sentenced to six months in jail and five years of probation on the attempted robbery conviction as well as five years of probation on the forgery conviction. Thereafter, following a hearing, she was found guilty of violating the conditions of her probationary sentence. Resentencing, however, was adjourned to allow defendant time to go to trial on an intervening indictment. In the meantime, defendant again violated the conditions of her probation and a warrant was issued for her arrest. Her probation was subsequently revoked and she was resentenced to three years in prison and three years of postrelease supervision on the attempted robbery conviction, and 1 to 4 years in prison on the forgery conviction, to run concurrently. Defendant now appeals, arguing only that the resentence is harsh and excessive.

As a initial matter, we note that defendant is not precluded from challenging the severity of the resentence by the waiver of appeal that she entered into in connection with the original plea (*see People v Ross*, 67 AD3d 1130, 1130 [2009]). Upon reviewing the record, however, we find no merit to defendant's contention that the resentence is harsh and excessive. Defendant has demonstrated an inability to comply with the conditions of her probation, despite repeated opportunities to do so. In addition, she has exhibited violent tendencies given the manner in which she snatched a purse from an elderly woman thereby causing her injury. In view of this, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the resentence in the interest of justice (*see People v Khan*, 82

AD3d 1362 [2011]; *People v Hunter*, 62 AD3d 1207, 1208 [2009]; *People v Millard*, 279 AD2d 807, 808 [2001], *lv denied* 96 NY2d 803 [2001]).

Mercure, J.P., Rose, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.