■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN C. SMURPHAT, Appellant. [936 NYS2d 356]—

Stein, J.

Following his plea of guilty to one count each of attempted sexual abuse in the first degree and endangering the welfare of a child, defendant was sentenced to six months in jail and 10 years of probation (91 AD3d 979 [2012] [decided herewith]). Thereafter, he was charged with violating certain terms of his probation, including the condition barring him from having contact with children under the age of 18 years, as well as the condition prohibiting him from possessing pornography. Following a hearing, County Court found defendant guilty of violating those terms of his probation and his probation was revoked. The court resentenced defendant on the underlying crime of attempted sexual abuse in the first degree to a prison term of

three years followed by 10 years of postrelease supervision.* This appeal ensued.

We affirm. Defendant's sole argument on appeal is that the resentence imposed by County Court, which was not the maximum available (*see* Penal Law § 70.80 [4] [a] [iv]), is harsh and excessive. Based upon our review of the record, we disagree. The record persuasively established defendant's inability to comply with important conditions of his probation (*see People v Smith*, 87 AD3d 1203, 1203 [2011]; *People v Garren*, 84 AD3d 1638, 1638 [2011], *lv denied* 17 NY3d 816 [2011]). Under the circumstances presented herein, "we do not find the existence of extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice" (*People v Kornell*, 85 AD3d 1449, 1450 [2011], *lv denied* 17 NY3d 860 [2011]; *see People v DeMarco*, 60 AD3d 1107, 1109 [2009]).

Spain, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

* Defendant was resentenced to time served on the endangering the welfare of a child count.