Peters, P.J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 3, 2010, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant was convicted of criminal possession of a weapon in the fourth degree and sentenced to three years of probation. As a condition of his probation, he was required “to abstain from the purchase, use or possession of alcoholic beverages, marihuana, controlled substances or illegal drug[s].” Soon thereafter, defendant provided his probation officer with a urine sample that tested positive for marihuana, and he executed a *1370 written admission to having tested positive for marihuana on that date and to having consumed marihuana in direct violation of a condition of his probation. As a result, a declaration of delinquency was issued and, following a hearing, County Court found that defendant had violated a condition of his probation, revoked his probation and sentenced him to 365 days in jail. He now appeals, and we affirm.
We reject defendant’s contention that there was insufficient evidence establishing that he violated a condition of his probation. “A court may revoke a defendant’s probation provided the ‘defendant has been afforded an opportunity to be heard and the court determines by a preponderance of the evidence that a condition of the probation has been violated’ ” (People v Wells, 69 AD3d 1228, 1229 [2010], quoting People v Jangrow, 34 AD3d 991, 991-992 [2006]; see People v Bevilacqua, 91 AD3d 1120, 1120 [2012]). At the hearing, defendant’s probation officer testified that defendant’s probationary period began on October 19, 2009, that a condition of his probation was to refrain from drug use, and that he tested positive for marihuana on October 27, 2009. To the extent that defendant claims that the probation officer’s testimony as to the results of the drug test constituted hearsay, we note that defendant himself conceded both during his testimony and in his written admission, which was received into evidence without objection, that he tested positive on that date (see People v Provost, 35 AD3d 899, 900 [2006]). Although the written admission does not specify the date of his use, defendant acknowledged therein that he consumed marihuana “in direct violation of [his] terms and conditions of probation,” which established his use during that time. During the hearing, defendant denied having used marihuana while on probation, claiming instead that he had done so just prior to the commencement of his probationary period, and would not confirm that he read the admission before signing it or that the signature found on the admission was his. This assertion, however, presented a credibility issue for County Court to resolve (see People v DeMarco, 60 AD3d 1107, 1109 [2009]; People v Oehler, 52 AD3d 955, 956 [2008], lv denied 11 NY3d 792 [2008]). Upon our review of the record and giving deference to County Court’s credibility determinations (see People v Cruz, 35 AD3d 898, 899 [2006], lv denied 8 NY3d 845 [2007]), we find no basis to disturb the court’s determination that defendant violated his probation (see People v Wells, 69 AD3d at 1229; People v Oehler, 52 AD3d at 956).
Defendant also contends that the People committed Brady and Rosario violations by failing to disclose certain notes of the *1371 probation officer who testified at the hearing. These claims, raised for the first time on appeal, are unpreserved for our review (see People v Shoga, 89 AD3d 1225, 1231 [2011], lv denied 18 NY3d 886 [2012]; People v Kearney, 39 AD3d 964, 966 [2007], lv denied 9 NY3d 846 [2007]) and, in any event, are without merit (see People v Kelly, 88 NY2d 248, 252 [1996]; People v Hawes, 298 AD2d 706, 708 [2002], lv denied 99 NY2d 582 [2003]). With respect to defendant’s argument that County Court erred in excepting from disclosure a certain addendum to the presentence investigation report, the court stated on the record its reasons for nondisclosure, as required by CPL 390.50 (2) (a), and, upon our review of the addendum, we find no abuse of discretion in the court’s decision not to disclose it (see generally People v Perry, 36 NY2d 114,120-121 [1975]; compare People v Smith, 8 AD3d 1043, 1043-1044 [2004]). Finally, we are unpersuaded that defendant’s sentence was harsh or excessive. Given defendant’s inability to comply with the terms of his probation, as demonstrated by his violation a mere eight days into his probationary period, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Smurphat, 91 AD3d 980, 981 [2012]; People v Smith, 87 AD3d 1203, 1203 [2011]).
Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.