Peters, P.J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 3, 2010, which revoked defendant’s probation and imposed a sentence of imprisonment.
Following defendant’s plea of guilty to the crime of driving while intoxicated, he was sentenced in March 2007 to five years of probation. In July 2010, defendant admitted to violating the conditions of his probation, as the result of convictions of attempted menacing in the second degree in 2008 and unlicensed operation of a motor vehicle in 2009, as well as possessing and *1505 using alcohol on numerous occasions.*
Resentencing was adjourned and defendant was restored to probation supervision to provide him with another opportunity to re-engage in alcohol abuse and mental health treatment programs. County Court informed defendant that if he did not comply with the programs, or if he operated a motor vehicle or consumed alcohol, he would be sentenced to prison. In October 2010, the Probation Department reported that defendant had admitted to the continued consumption of alcoholic beverages subsequent to his admission that he violated his probation. Following a hearing, County Court concluded that defendant had violated a condition of his release, revoked his probation and resentenced him to a term of imprisonment of l2/s to 5 years. Defendant appeals.
We affirm. Contrary to defendant’s contention, County Court did not base its finding that he had violated his probation on hearsay evidence. Defendant’s probation officer testified at the hearing that defendant admitted to him that he had consumed alcoholic beverages in October 2010 (see People v Provost, 35 AD3d 899, 900 [2006]; People v Spady, 25 AD3d 881, 882 [2006]; People v Rushin, 196 AD2d 835, 836 [1993], lv denied 82 NY2d 808 [1993]). Nor do we find his resentence to be harsh or excessive. Despite being offered numerous opportunities, he was unable to comply with the terms of his probation. Under the circumstances, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the resentence in the interest of justice (see People v Smurphat, 91 AD3d 980, 981 [2012], lv denied 18 NY3d 962 [2012]; People v Smith, 87 AD3d 1203, 1203 [2011]).
Mercure, Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 Defendant was also charged in May 2010 with assault in the third degree and endangering the welfare of a child, and he ultimately pleaded guilty to endangering the welfare of a child on July 15, 2010.