■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY F. CROBOK, III, Appellant. [954 NYS2d 252]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered November 22, 2010, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 2009, defendant was convicted of criminal contempt in the first degree, sentenced to six months in jail and five years of probation and ordered to pay restitution. Thereafter, defendant was charged with violating numerous conditions of his probation. In October 2010, he admitted to violating a term of his probation by tampering with the global positioning system (hereinafter GPS) electronic monitoring device he was required to wear. As a result, defendant's probation was revoked and he was sentenced to the agreed-upon prison term of 1$^1$/$_3$ to 4 years. Defendant now appeals.

Initially, as defendant argues and the People recognize, during the proceeding in which defendant admitted to violating probation, restitution for damage to the GPS device was not included as part of the agreement, and it was not imposed as part of the sentence for this violation of probation. The only relevant reference to restitution came during sentencing on the admitted violation and consisted of a reminder of defendant's continuing obligation to pay the original court-ordered restitution imposed following his underlying criminal contempt conviction. Thus, defendant needlessly seeks a ruling that additional restitution is barred in relation to his admitted violation of probation sentence, as it was not imposed thereon.

With regard to defendant's contention that his sentence was harsh and excessive, in light of his failure to comply with the GPS monitoring conditions and his threatening behavior toward his probation officer, we find no abuse of discretion nor any extraordinary circumstances that would warrant a reduction of his sentence (*see People v McQuality*, 95 AD3d 1369,

1371 [2012]; *People v Miller*, 90 AD3d 1416, 1417 [2011], *lv denied* 18 NY3d 960 [2012]).

Rose, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.