■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD C. FITZGERALD, Appellant. [954 NYS2d 687]—

Garry, J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, J.), rendered May 5, 2010, which found defendant in violation of his probation and restored him to probation supervision, and (2) from a judgment of said court, rendered July 27, 2010, which revoked defendant's probation and imposed a sentence of incarceration.

In August 2008, after pleading guilty to criminal sexual act in the third degree, defendant was sentenced to six months in jail followed by 10 years of probation. Defendant thereafter violated the terms of his probation three times. County Court continued defendant's probation following the first two violations, but following the hearing on the third violation his probation was revoked, and he was sentenced to a prison term of 1½ years followed by 10 years of postrelease supervision. Defendant appeals from the judgments arising from the latter two violations, rendered in May 2010 and July 2010, respectively.

Initially, as there is no argument presented in defendant's brief relative to the judgment rendered in May 2010, we deem that appeal abandoned (*see People v Audi*, 88 AD3d 1070, 1071 n [2011], *lv denied* 18 NY3d 856 [2011]). As to defendant's challenge to the judgment rendered in July 2010 revoking his probation, testimony established that defendant was instructed not to go to a particular hotel in the Town of Malta, Saratoga County, but failed to obey these instructions, and was at that location on multiple occasions. Defendant further failed to submit to a sex offender evaluation, although this had been a condition of

---

his probation since August 2008. Accordingly, we agree with County Court's finding that the violation was established by a preponderance of the evidence (see CPL 410.70 [3]; *People v Fusco*, 91 AD3d 984, 985 [2012]).

Defendant was offered numerous opportunities to comply with the conditions of his probation, and repeatedly violated those conditions shortly after being restored to his probation status. Therefore, we do not find his resentence to be harsh or excessive, as there was no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see *People v Holland*, 95 AD3d 1504, 1505 [2012], *lv denied* 19 NY3d 974 [2012]; *People v McQuality*, 95 AD3d 1369, 1371 [2012]).

Rose, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.