# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1220
KA 11-00574
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL WILSON, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 21, 2010. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96), rape in the first degree (§ 130.35 [1]), and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court abused its discretion or denied him his constitutional right to present a defense in precluding the alibi testimony of a defense witness inasmuch as defendant failed to file a notice of alibi pursuant to CPL 250.20 (*see People v Watson*, 269 AD2d 755, 756, *lv denied* 95 NY2d 806). Defendant failed to preserve for our review his further contention that he was denied his constitutional right to present a defense by the court's preclusion of the non-alibi testimony of that defense witness (*see People v Lane*, 7 NY3d 888, 889; *People v Baxter*, 108 AD3d 1158, 1160), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review his contention that the court erred in instructing the jury that his wife and daughter were interested witnesses as a matter of law (*see* CPL 470.05 [2]). In any event, although we agree with him that the court erred in giving that instruction (*see People v Fuentes*, 52 AD3d 1297, 1299, *lv denied* 11 NY3d 736), we conclude that the error is harmless (*see id.*; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Contrary to

defendant's further contention, "there is no evidence in the record indicating an abuse of discretion by the court in denying the motion[s] for substitution of counsel where[, as here, the] defendant failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (*People v Porto*, 16 NY3d 93, 100; *see People v Beriguette*, 84 NY2d 978, 980, *rearg denied* 85 NY2d 924; *People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010).

We reject defendant's contention that he was denied effective assistance of counsel.  Defense counsel's failure to file a notice of alibi and failure to object to the improper jury instruction concerning defendant's wife and daughter did not render her representation less than meaningful (*see generally People v Benevento*, 91 NY2d 708, 712-713).  To the extent that defendant contends that he was denied effective assistance of counsel by defense counsel's failure to object to the court's rulings with respect to two proposed defense witnesses, as well as her failure to make a closing argument at the end of the suppression hearing, that contention is without merit.  Defendant failed to demonstrate that those objections and that closing argument, if made, would have been successful (*see People v Stultz*, 2 NY3d 277, 287; *People v Noguel*, 93 AD3d 1319, 1320, *lv denied* 19 NY3d 965).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court