## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 8, 2016                108067
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                                   MEMORANDUM AND ORDER

JOSEPH W. KISLOWSKI,
                    Appellant.
_____

Calendar Date:  October 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                    _____


        William E. Montgomery III, Glens Falls, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Travis
A. Brown of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered December 17, 2014, which, among other
things, revoked defendant's probation and sentenced him to time
served.

        In August 2013, defendant waived indictment, pleaded guilty
to a superior court information charging him with criminal
possession of a controlled substance in the third degree and was
sentenced to the agreed-upon term of five years of probation.
Thereafter, in January 2014, defendant admitted that he had
violated certain terms of his probation, and County Court
directed that defendant enter a drug treatment facility and
participate in the Warren County Drug Treatment Court program.
Defendant signed a written acknowledgment of the amended terms

and conditions of his probation, which included a directive (special condition No. 17) that defendant "[n]ot associate with any drug users or convicted criminals."

In September 2014, a violation petition was filed alleging that defendant – on four specific dates – "had contact with Angela Nichols, a convicted criminal," in contravention of special condition No. 17. An amended petition was filed one month later, wherein it was alleged that defendant – "[o]n multiple occasions" – had contact with Patrick Lilly, who also was a convicted criminal. Following a hearing, County Court, among other things, concluded that defendant had violated the aforementioned term and condition of his probation, sentenced defendant to time served and directed that he wear an electronic monitoring device pending his entry into another drug treatment program. Defendant now appeals.

We affirm. Defendant initially challenges the facial sufficiency of the amended violation petition. Although a violation of probation proceeding is not subject to all the formalities of a criminal action (see People v Jangrow, 34 AD3d 991, 991-992 [2006]), CPL 410.70 (2) nonetheless provides that, in the context of revoking a defendant's probation, "[t]he court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred." To that end, the violation petition, together with any additional details supplied by the People prior to the hearing, must give the defendant "ample notice of the particulars of the violation charged" such that he or she has "a full opportunity to prepare a defense" (People v Schneider, 188 AD2d 754, 756 [1992], lv denied 81 NY2d 892 [1993]; see People v York, 2 AD3d 1158, 1160 [2003]).

Here, the amended violation petition set forth the term and condition of his probation that defendant allegedly violated and, as to Nichols, identified four specific dates upon which the prohibited contact allegedly occurred. Contrary to the position taken by the dissent, we find such allegations to be sufficiently particular to have provided defendant with the required notice and opportunity to prepare a defense. Defendant clearly was

aware of the identity of the "convicted criminal" with whom he allegedly associated and the specifics of the allegedly prohibited conduct as evidenced by his colloquy with County Court at his initial appearance on the violation petition. During the course of that appearance, defendant inquired, "[Y]ou're talking about the person that owns the dog, a former girlfriend?", to which County Court replied, "Angela Nichols." Following that exchange, defendant proceeded to dispute Nichols' criminal history, claiming that she was not a felon and that his contact with her was limited to walking the dog that they once shared, thereby evidencing his awareness of the nature of the charges against him as to Nichols. As to Lilly, however, such petition failed to provide any details with respect to dates upon which defendant allegedly had contact with him, and the record does not reflect that the People provided defendant with any additional details on this point prior to the hearing (compare People v Schneider, 188 AD2d at 756). Accordingly, we agree with defendant that the amended violation petition was facially deficient as to Lilly, and County Court erred in considering any proof with respect thereto.

As to the sufficiency of the proof adduced with respect to Nichols, the People bore the burden of demonstrating – by a preponderance of the evidence – that defendant violated a term and condition of his probation (see People v Hare, 124 AD3d 1148, 1148 [2015], lv denied 26 NY3d 929 [2015]; People v McQuality, 95 AD3d 1369, 1370 [2012], lv denied 20 NY3d 1013 [2013]). The term and condition at issue here – special condition No. 17 – prohibited defendant from "associat[ing] with any drug users or convicted criminals," and the People alleged that defendant violated this prohibition by having contact with Nichols, his former girlfriend and a convicted criminal, on four separate occasions in August 2014.

Although Nichols' testimony regarding her criminal history was not a model of clarity (and the People failed to enter Nichols' certificate of conviction into evidence at the hearing), Nichols nonetheless testified that she had "a misdemeanor DWI" and that defendant was aware that she had been "sentenced to probation" as a result. As a misdemeanor conviction for driving while intoxicated indeed would constitute a crime (see Penal Law

§ 10.00 [6]; Vehicle and Traffic Law § 1193 [1] [b]), Nichols
thus qualified as a "convicted criminal" for purposes of special
condition No. 17. As for defendant's stated belief that Nichols
had only been convicted of driving while ability impaired, an
offense that, in certain instances, would constitute only a
traffic violation (see Vehicle and Traffic Law § 1193 [1] [a]),
his erroneous belief in this regard is irrelevant. Special
condition No. 17 required defendant to refrain from associating
with "convicted criminals" – as opposed to "known criminals."
Accordingly, defendant cannot avoid a violation of the subject
condition simply by claiming either that he did not know that a
particular individual had been convicted of a crime or that he
believed that said individual was guilty of only a traffic
violation. As a probationer subject to special condition No. 17,
it was incumbent upon defendant to ascertain whether any of his
associates, including Nichols, constituted "convicted criminals."

With respect to the issue of whether defendant
"associate[d]" with Nichols within the meaning of special
condition No. 17, the testimony at the hearing further
demonstrated that, on approximately four occasions during August
2014, defendant called either Nichols or her daughter and
thereafter went to Nichols' apartment for the purpose of picking
up and walking the dog that defendant and Nichols once shared.
Notably, Nichols confirmed that she spoke with defendant, with
whom she remained friends, on the telephone to make arrangements
regarding the dog and testified that she personally exchanged the
dog with defendant "[a]bout four times," stating, "I would hand
him the dog and he would take the dog and go down the street."
Given the nature of the multiple, planned meetings between
Nichols and defendant, including their contact over the telephone
and in person, we have no quarrel with County Court's finding
that such encounters were more than mere incidental or
inadvertent contact and, as such, constituted a violation of
special condition No. 17 of defendant's probation prohibiting him
from "associat[ing]" with, among others, convicted criminals.
Although the dissent adopts a contrary position in this regard,
we cannot help but note that Nichols' testimony that she and
defendant "remain[ed] friends" places Nichols squarely within the
dissent's definition of an "associate," i.e., "a partner, friend,
or companion" (Merriam-Webster Online Dictionary, associate).

As a final matter, although County Court's written decision following the hearing referenced matters relative to defendant's history and performance while on probation that were outside of the record, inasmuch as the remaining evidence supports the finding that defendant violated the terms of his probation, we deem this error to be harmless (see People v Oehler, 52 AD3d 955, 956 [2008], lv denied 11 NY3d 792 [2008]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., and Clark, J., concur.


Lynch, J. (dissenting).

Initially, we fully agree with the majority that the amended violation petition was facially deficient as to Patrick Lilly. We part ways with respect to Angela Nichols for two reasons. First, we find the amended violation petition also facially deficient as to Nichols. Pursuant to CPL 410.70 (2), "[t]he court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred" (see People v York, 2 AD3d 1158, 1160 [2003]). The defendant is entitled to "notice of the particulars of the violation charged" so as to have "a full opportunity to prepare a defense" (People v Schneider, 188 AD2d 754, 756 [1992], lv denied 81 NY2d 892 [1993]). Here, the amended violation petition — prepared almost two months after defendant's arraignment — simply reiterated that, on four dates in August 2014, "defendant had contact with Angela Nichols, a convicted criminal." This pleading fails to provide the required particulars for the violation charge. Nor was the defect cured by questions raised by defendant during his arraignment as to whether the charge pertained to him walking Nichols' dog. Notably, the People gave no clarifying response at the arraignment and provided no further details of the charge in the amended violation petition, which simply added the Lilly charge. Instead, the specific nature of defendant's challenged conduct — the fact that he contacted Nichols on up to four occasions to walk the dog — was not defined until the hearing.

By comparison, in People v Schneider (supra), the People complied with CPL 410.70 by supplying additional documentation after the petition was filed, which provided the facts underlying the charges well in advance of the hearing (see People v Schneider, 188 AD2d at 756). For this reason the judgment should be reversed and the violation petition dismissed.

In addition, it is our view that the People failed to meet their burden of proving a probation violation by a preponderance of the evidence (see CPL 410.70 [3]). Special condition No. 17 directed defendant to "[n]ot associate with any drug users or convicted criminals." As the majority correctly points out, Nichols' misdemeanor driving while intoxicated conviction constitutes a crime (see Penal Law § 10.00 [6]; Vehicle and Traffic Law § 1193 [1] [b]). Moreover, Nichols testified that defendant knew she "was sentenced to probation," even though both Nichols, in her testimony, and defendant, through his statements at the arraignment, professed uncertainty as to whether she had been convicted of a crime. That said, the amended violation petition merely alleged that defendant had "contact" with Nichols. The testimony showed that the "contact" consisted of defendant calling Nichols on four occasions to arrange to walk her dog, which they had previously owned together. Put succinctly, Nichols testified that "[defendant] would call [her] or [her] daughter . . . and he would go to the entrance of [her] apartment and be given the dog and told when the dog was supposed to be home, and that was the brunt of it." She testified this happened approximately four times. There is no dispute that the described contact occurred, but we fail to see how such conduct falls within the prohibition "[n]ot [to] associate" with a convicted criminal. Given its ordinary meaning, the word "associate" covers a far more extensive engagement with another person than the simple sequence of events that led to defendant's walking the dog. Associate is defined as: "to join as a partner, friend, or companion" (Merriam-Webster Online Dictionary, associate). In our view, the challenged conduct does not violate special condition No. 17. For this additional reason, the judgment should be reversed.

Aarons, J., concurs.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court