*1198 Egan Jr., J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 17, 2014, which, among other things, revoked defendant’s probation and sentenced him to time served.
In August 2013, defendant waived indictment, pleaded guilty to a superior court information charging him with criminal possession of a controlled substance in the third degree and was sentenced to the agreed-upon term of five years of probation. Thereafter, in January 2014, defendant admitted that he had violated certain terms of his probation, and County Court directed that defendant enter a drug treatment facility and participate in the Warren County Drug Treatment Court program. Defendant signed a written acknowledgment of the amended terms and conditions of his probation, which included a directive (special condition No. 17) that defendant “[n]ot associate with any drug users or convicted criminals.”
In September 2014, a violation petition was filed alleging that defendant—on four specific dates—“had contact with Angela Nichols, a convicted criminal,” in contravention of special condition No. 17. An amended petition was filed one month later, wherein it was alleged that defendant—“[o]n multiple occasions”—had contact with Patrick Lilly, who also was a convicted criminal. Following a hearing, County Court, among other things, concluded that defendant had violated the aforementioned term and condition of his probation, sentenced defendant to time served and directed that he wear an electronic monitoring device pending his entry into another drug treatment program. Defendant now appeals.
We affirm. Defendant initially challenges the facial sufficiency of the amended violation petition. Although a violation of probation proceeding is not subject to all the formalities of a criminal action (see People v Jangrow, 34 AD3d 991, 991-992 [2006]), CPL 410.70 (2) nonetheless provides that, in the context of revoking a defendant’s probation, “[t]he court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred.” To that end, the violation petition, together with any additional details supplied by the People prior to the hearing, must give the defendant “ample notice of the particulars of the violation charged” such that he or she has “a full opportunity to prepare a defense” (People v Schneider, 188 AD2d 754, 756 [1992], lv denied 81 NY2d 892 [1993]; see People v York, 2 AD3d 1158, 1160 [2003]).
*1199 Here, the amended violation petition set forth the term and condition of his probation that defendant allegedly violated and, as to Nichols, identified four specific dates upon which the prohibited contact allegedly occurred. Contrary to the position taken by the dissent, we find such allegations to be sufficiently particular to have provided defendant with the required notice and opportunity to prepare a defense. Defendant clearly was aware of the identity of the “convicted criminal” with whom he allegedly associated and the specifics of the allegedly prohibited conduct as evidenced by his colloquy with County Court at his initial appearance on the violation petition. During the course of that appearance, defendant inquired, “[Y]ou’re talking about the person that owns the dog, a former girlfriend?”, to which County Court replied, “Angela Nichols.” Following that exchange, defendant proceeded to dispute Nichols’ criminal history, claiming that she was not a felon and that his contact with her was limited to walking the dog that they once shared, thereby evidencing his awareness of the nature of the charges against him as to Nichols. As to Lilly, however, such petition failed to provide any details with respect to dates upon which defendant allegedly had contact with him, and the record does not reflect that the People provided defendant with any additional details on this point prior to the hearing (compare People v Schneider, 188 AD2d at 756). Accordingly, we agree with defendant that the amended violation petition was facially deficient as to Lilly, and County Court erred in considering any proof with respect thereto.
As to the sufficiency of the proof adduced with respect to Nichols, the People bore the burden of demonstrating—by a preponderance of the evidence—that defendant violated a term and condition of his probation (see People v Hare, 124 AD3d 1148, 1148 [2015], lv denied 26 NY3d 929 [2015]; People v Mc-Quality, 95 AD3d 1369, 1370 [2012], lv denied 20 NY3d 1013 [2013]). The term and condition at issue here—special condition No. 17—prohibited defendant from “associating] with any drug users or convicted criminals,” and the People alleged that defendant violated this prohibition by having contact with Nichols, his former girlfriend and a convicted criminal, on four separate occasions in August 2014.
Although Nichols’ testimony regarding her criminal history was not a model of clarity (and the People failed to enter Nichols’ certificate of conviction into evidence at the hearing), Nichols nonetheless testified that she had “a misdemeanor DWI” and that defendant was aware that she had been “sentenced to probation” as a result. As a misdemeanor convic *1200 tion for driving while intoxicated indeed would constitute a crime (see Penal Law § 10.00 [6]; Vehicle and Traffic Law § 1193 [1] [b]), Nichols thus qualified as a “convicted criminal” for purposes of special condition No. 17. As for defendant’s stated belief that Nichols had only been convicted of driving while ability impaired, an offense that, in certain instances, would constitute only a traffic violation (see Vehicle and Traffic Law § 1193 [1] [a]), his erroneous belief in this regard is irrevelant. Special condition No. 17 required defendant to refrain from associating with “convicted criminals”—as opposed to “known criminals.” Accordingly, defendant cannot avoid a violation of the subject condition simply by claiming either that he did not know that a particular individual had been convicted of a crime or that he believed that said individual was guilty of only a traffic violation. As a probationer subject to special condition No. 17, it was incumbent upon defendant to ascertain whether any of his associates, including Nichols, constituted “convicted criminals.”
With respect to the issue of whether defendant “associate [d]” with Nichols within the meaning of special condition No. 17, the testimony at the hearing further demonstrated that, on approximately four occasions during August 2014, defendant called either Nichols or her daughter and thereafter went to Nichols’ apartment for the purpose of picking up and walking the dog that defendant and Nichols once shared. Notably, Nichols confirmed that she spoke with defendant, with whom she remained friends, on the telephone to make arrangements regarding the dog and testified that she personally exchanged the dog with defendant “[a]bout four times,” stating, “I would hand him the dog and he would take the dog and go down the street.” Given the nature of the multiple, planned meetings between Nichols and defendant, including their contact over the telephone and in person, we have no quarrel with County Court’s finding that such encounters were more than mere incidental or inadvertent contact and, as such, constituted a violation of special condition No. 17 of defendant’s probation prohibiting him from “associat[ing]” with, among others, convicted criminals. Although the dissent adopts a contrary position in this regard, we cannot help but note that Nichols’ testimony that she and defendant “remain [ed] friends” places Nichols squarely within the dissent’s definition of an “associate,” i.e., “a partner, friend, or companion” (Merriam-Webster Online Dictionary, associate [http://www.merriam-webster.com/ dictionary/associate], cached at http://www.nycourts.gov/ reporter/webdocs/Associate_Definition_Merriam-Webster.pdf).
As a final matter, although County Court’s written decision *1201 following the hearing referenced matters relative to defendant’s history and performance while on probation that were outside of the record, inasmuch as the remaining evidence supports the finding that defendant violated the terms of his probation, we deem this error to be harmless (see People v Oehler, 52 AD3d 955, 956 [2008], lv denied 11 NY3d 792 [2008]). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., and Clark, J., concur.