Lynch, J.
(dissenting). Initially, we fully agree with the majority that the amended violation petition was facially deficient as to Patrick Lilly. We part ways with respect to Angela Nichols for two reasons. First, we find the amended violation petition also facially deficient as to Nichols. Pursuant to CPL 410.70 (2), “[t]he court must file or cause to be filed with the clerk of the court a statement setting forth the condition or conditions of the sentence violated and a reasonable description of the time, place and manner in which the violation occurred” (see People v York, 2 AD3d 1158, 1160 [2003]). The defendant is entitled to “notice of the particulars of the violation charged” so as to have “a full opportunity to prepare a defense” (People v Schneider, 188 AD2d 754, 756 [1992], lv denied 81 NY2d 892 [1993]). Here, the amended violation petition—prepared almost two months after defendant’s arraignment—simply reiterated that, on four dates in August 2014, “defendant had contact with Angela Nichols, a convicted criminal.” This pleading fails to provide the required particulars for the violation charge. Nor was the defect cured by questions raised by defendant during his arraignment as to whether the charge pertained to him walking Nichols’ dog. Notably, the People gave no clarifying response at the arraignment and provided no further details of the charge in the amended violation petition, which simply added the.Lilly charge. Instead, the specific nature of defendant’s challenged conduct—the fact that he contacted Nichols on up to four occasions to walk the dog— was not defined until the hearing. By comparison, in People v Schneider (supra), the People complied with CPL 410.70 by supplying additional documentation after the petition was filed, which provided the facts underlying the charges well in advance of the hearing (see People v Schneider, 188 AD2d at 756). For this reason the judgment should be reversed and the violation petition dismissed.
In addition, it is our view that the People failed to meet their burden of proving a probation violation by a preponderance of the evidence (see CPL 410.70 [3]). Special condition No. 17 *1202 directed defendant to “[n]ot associate with any drug users or convicted criminals.” As the majority correctly points out, Nichols’ misdemeanor driving while intoxicated conviction constitutes a crime (see Penal Law § 10.00 [6]; Vehicle and Traffic Law § 1193 [1] [b]). Moreover, Nichols testified that defendant knew she “was sentenced to probation,” even though both Nichols, in her testimony, and defendant, through his statements at the arraignment, professed uncertainty as to whether she had been convicted of a crime. That said, the amended violation petition merely alleged that defendant had “contact” with Nichols. The testimony showed that the “contact” consisted of defendant calling Nichols on four occasions to arrange to walk her dog, which they had previously owned together. Put succinctly, Nichols testified that “[defendant] would call [her] or [her] daughter . . . and he would go to the entrance of [her] apartment and be given the dog and told when the dog was supposed to be home, and that was the brunt of it.” She testified this happened approximately four times. There is no dispute that the described contact occurred, but we fail to see how such conduct falls within the prohibition “[n]ot [to] associate” with a convicted criminal. Given its ordinary meaning, the word “associate” covers a far more extensive engagement with another person than the simple sequence of events that led to defendant’s walking the dog. Associate is defined as: “to join as a partner, friend, or companion” (Merriam-Webster Online Dictionary, associate [http://www.merriam-webster.com/dictionary/associate], cached at http://www.nycourts.gov/reporter/webdocs/ Associate_Definition_Merriam-Webster.pdf). In our view, the challenged conduct does not violate special condition No. 17. For this additional reason, the judgment should be reversed.
Aarons, J., concurs.
Ordered that the judgment is affirmed.