# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

111
KA 14-02224
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ADAM J. ROBINSON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered July 21, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]), and sentencing him to a term of imprisonment. We reject defendant's contention that the People failed to establish by a preponderance of the evidence that he violated the terms and conditions of his probation (*see People v Ortiz*, 94 AD3d 1436, 1436, *lv denied* 19 NY3d 999; *People v Wells*, 69 AD3d 1228, 1229). Indeed, after the People presented evidence of the violation, defendant testified that he failed to complete a drug treatment program and repeatedly used marihuana in violation of the terms of his probation. We thus conclude that there was the necessary "residuum of competent legal evidence" that defendant violated a condition of his probation (*People v Pringle*, 72 AD3d 1629, 1630, *lv denied* 15 NY3d 855 [internal quotation marks omitted]; *see People v Cherry*, 238 AD2d 940, 940, *lv denied* 90 NY2d 891; *see generally People v Pettway*, 286 AD2d 865, 865, *lv denied* 97 NY2d 686). "Although defendant offered excuses for his various violations, County Court was entitled to discredit those excuses and instead to credit the testimony of the People's witnesses" (*People v Donohue*, 64 AD3d 1187, 1188; *see People v Strauts*, 67 AD3d 1381, 1381, *lv denied* 14 NY3d 773).

We reject defendant's further contention that the court erred in denying his request for substitution of counsel, inasmuch as "defendant failed to proffer specific allegations of a 'seemingly

serious request' that would require the court to engage in a minimal inquiry" (*People v Porto*, 16 NY3d 93, 100; *see People v Wilson*, 112 AD3d 1317, 1318, *lv denied* 23 NY3d 1069; *People v Woods*, 110 AD3d 748, 748, *lv denied* 23 NY3d 969).

Finally, the sentence is not unduly harsh or severe.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court