█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHLEEN A. ROSS, Appellant. [888 NYS2d 312]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 15, 2008, which resentenced defendant following her conviction of the crime of assault in the second degree.

Following an incident in which defendant stabbed her paramour with a knife, she was charged with attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the third degree. She pleaded guilty to assault in the second degree in full satisfaction of the charges and waived her right to appeal. Under the terms of the plea agreement, she was to be sentenced to a one-year term of interim probation which, upon successful completion, would be followed by a five-year term of probation. Defendant successfully completed her interim probation and was sentenced, in accordance with the plea, to five years of probation. Thereafter, she violated the terms of her probation on a number of occasions and each time County Court continued her probation provided that she participate in inpatient substance abuse treatment counseling. Defendant participated in counseling at various treatment facilities, none of which was successful, and, when she was discharged from the last facility, County Court revoked her probation and resentenced her to three years in prison to be followed by three years of postrelease supervision. Defendant now appeals.

Preliminarily, we note that, given the resentencing, defendant is not precluded by her waiver of the right to appeal entered in connection with the original plea from challenging either the severity of the resentence or the effectiveness of counsel (*see People v Gurrola*, 43 AD3d 1230, 1231 [2007]; *People v Rowland*, 11 AD3d 825 [2004]). Turning to the merits, we do not find that the prison term imposed upon resentencing is harsh or excessive. County Court afforded defendant numerous opportunities

to comply with the conditions of her probation and address her substance abuse problems, which she failed to do. This, together with defendant's lengthy criminal record and the violent nature of her conduct, leads us to conclude that neither extraordinary circumstances nor any abuse of discretion warrants a reduction of her sentence in the interest of justice (*see People v Hunter*, 62 AD3d 1207, 1208 [2009]; *People v Burmingham*, 55 AD3d 1150, 1151 [2008]). Upon reviewing the record, we find defendant's claim of ineffective assistance of counsel similarly unavailing.

Mercure, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.