Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered March 8, 2011, which revoked defendant’s probation and imposed a sentence of imprisonment.
In 2008, defendant pleaded guilty to criminal mischief in the second degree and reckless endangerment in the first degree. He waived his right to appeal and was sentenced to five years of probation. In 2011, a declaration of delinquency was filed charging him with violating two of the conditions of his probation. Defendant subsequently admitted to violating his probation. As a result, his probation was revoked and he was resentenced to concurrent terms of 2 to 6 years in prison on the underlying crimes. Defendant now appeals.
Defendant’s sole contention is that the resentence is harsh and excessive.* We find this argument to be unpersuasive. Defendant has numerous criminal convictions, and had previously violated a term of probation. He had substance abuse problems which led to his admission to drug court in 2009, but his progress was slow and inadequate and he was sanctioned for failing to comply with provisions of the drug court contract. Defendant admitted violating the terms of his probation by attending a party at which alcohol was served and missing two self-help *1152 recovery meetings. Notably, he provided no excuse for such behavior, which is clearly detrimental to the treatment of bis addiction. In view of the foregoing, as well as that fact that defendant was well aware that he could receive any legally permissible term of incarceration upon resentencing, we find no abuse of discretion or any extraordinary circumstances warranting a reduction of the resentence in the interest of justice (see People v Holland, 95 AD3d 1504, 1505 [2012], lv denied 19 NY3d 974 [2012]; People v Kornell, 85 AD3d 1449, 1450 [2011], lv denied 17 NY3d 860 [2011]).
Peters, EJ., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

 We note that defendant’s waiver of the right to appeal entered in connection with his original plea does not preclude him from now challenging the severity of the resentence (see People v Ross, 67 AD3d 1130, 1130 [2009]).