■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. BOUVIA, Appellant. [973 NYS2d 849]—

Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 29, 2011, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2010, defendant pleaded guilty to an indictment charging him with criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth

degree, and he was sentenced to five years of probation. He was charged several months later with violating the terms of his probation in numerous respects, including by consuming alcohol and using multiple illegal drugs. After defendant admitted to the violations in full, County Court revoked his probation and resentenced him to an aggregate prison term of 2 to 6 years. He now appeals.

We reject defendant's contention that the sentence imposed was harsh and excessive and, accordingly, affirm. Defendant has a prior criminal record and has repeatedly proved unable to abide by the terms of probation. He also has relapsed into drug and alcohol use despite efforts to treat his substance abuse, and admittedly had "no excuse" for doing so. Indeed, County Court indicated that a prison sentence was needed here so that defendant could avail himself of substance abuse treatment programs that were unavailable in the local jail and that could ultimately shorten the length of his confinement. In view of the foregoing, as well as defendant's awareness that he could receive any legally permissible prison term upon resentencing, we perceive no abuse of discretion or any extraordinary circumstances that would warrant a reduction of the resentence (*see People v Lavalley*, 100 AD3d 1151, 1151-1152 [2012]; *People v Gray*, 53 AD3d 684, 685 [2008]).

Peters, P.J., Lahtinen, McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.