*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    106021
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

KAREEM McFADDEN,
                    Appellant.
_____

Calendar Date:  February 24, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Aaron A. Louridas, Delmar, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

                    _____

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 6, 2012, which revoked defendant's probation and resentenced him to a period of imprisonment.

        In satisfaction of a five-count indictment, defendant entered a guilty plea to criminal possession of a controlled substance in the third degree and waived his right to appeal, in exchange for a sentencing promise of between five years of probation and 4½ years in prison with two years of postrelease supervision (hereinafter PRS).  Sentencing was delayed so that defendant could complete inpatient rehabilitation.  On February 27, 2012, based upon his positive participation in rehabilitation, County Court sentenced him to five years of probation, six months of which was to be served in jail, conditioned upon, among other things, intensive supervision and

continuing successful inpatient treatment.  Defendant did not appeal from that judgment.

Thereafter, defendant was twice charged with violating probation.  He was found guilty as charged in the first violation petition and conditional probation was continued.  After defendant entered a guilty plea to the second probation violation petition, he was sentenced on August 1, 2012 to 7½ years in prison with two years of PRS, and filed the instant notice of appeal pro se the next day.  He was thereafter resentenced on August 6, 2012 for that second probation violation to 4½ years in prison with two years of PRS, but did not file another notice of appeal.  Defendant now appeals.[1]

Defendant's sole contention on appeal is that the subsequent resentence imposed by County Court was harsh and excessive.  As a preliminary matter, we note that defendant failed to file a notice of appeal from the resentencing. However, despite the notice of appeal being premature with respect thereto, we will exercise our discretion and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Shan, 117 AD3d 1098, 1098 [2014], lv denied 23 NY3d 1042 [2014]; People v Brainard, 111 AD3d 1162, 1163 n 2 [2013]; People v Therrien, 78 AD3d 1331, 1332 [2010]).  Further, his appeal waiver in connection with the original sentence does not preclude him from challenging the severity of the resentence (see People v Lavalley, 100 AD3d 1151, 1151 n [2012]; People v Ross, 67 AD3d 1130, 1130 [2009]).

Addressing the merits, the record reflects that County Court considered all of the relevant factors, including

---

[1]  Defendant's pro se notice of appeal is from a "Judgment of Conviction rendered [August 1], 2011" (emphasis added).  While there is no such 2011 judgment of conviction in the record before us, it appears that when defendant, pro se, filed that notice of appeal on August 2, 2012, he intended to appeal from the August 1, 2012 initial sentencing on the second probation violation.  We exercise our discretion to overlook this inaccuracy (see CPL 460.10 [6]; People v Pittman, 119 AD3d 1242, 1242 [2014]).

defendant's lengthy criminal history and repeated violations of probation and his discharge from treatment for multiple transgressions.  Given that the record discloses neither the presence of extraordinary circumstances nor an abuse of sentencing discretion warranting a reduction of the sentence in the interest of justice, it will not be disturbed (see People v Gassner, 118 AD3d 1221, 1222 [2014], lv denied 23 NY3d 1062 [2014]; People v Lavalley, 100 AD3d at 1152).

Garry, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court