*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 3, 2016                    107071
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

RICKY VALLANCE,
                        Appellant.
_____


Calendar Date:  January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered July 17, 2014, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2010, defendant pleaded guilty to a superior court
information charging him with driving while intoxicated as a
felony and waived his right to appeal.  In exchange, he received
a one-year period of interim probation.  County Court (Rogers,
J.) determined in December 2011 that defendant had failed to
comply with the terms of his interim probation in various
respects and imposed a sentence of four months in jail with five
years of probation.

In 2014, a violation of probation petition was filed alleging that defendant failed to comply with several conditions of his probation.  Defendant admitted to violating his probation upon the understanding that he would be resentenced to 1 to 3 years in prison.  County Court (Richards, J.) revoked defendant's probation and imposed the promised prison sentence, and defendant now appeals.

Initially, defendant is correct that his waiver of appeal in connection with his original guilty plea and sentence does not preclude his current challenge to the severity of the sentence imposed upon the revocation of his probation (see People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]; People v Lavalley, 100 AD3d 1151, 1151 n [2012]).  Nonetheless, given defendant's lengthy criminal history (see People v Vallance, 49 AD3d 917 [2008], lv denied 10 NY3d 845 [2008]), his demonstrated inability to comply with the terms of probation, and County Court's consideration of the relevant and mitigating sentencing factors, we discern neither extraordinary circumstances nor an abuse of discretion warranting a reduction of his agreed-upon sentence in the interest of justice (see People v Coupe, 124 AD3d 1141, 1142 [2015]; People v Ross, 67 AD3d 1130, 1131 [2009]).

McCarthy, J.P., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court