Aarons, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered March 11, 2015, which revoked defendant’s probation and imposed a sentence of imprisonment.
Defendant, then 21 years old, left a party where he ingested drugs and alcohol and proceeded to enter a school building in Oneida County late at night with more than 60 other individuals from the party. While the group was inside, locks were super-glued, walls were spray-painted and water fountains and surveillance cameras were damaged. Defendant returned to the school for a second time with others and, this time, computers and projection screens were taken. Defendant subsequently waived indictment and agreed to be prosecuted by a superior court information charging him with various crimes, including burglary in the third degree. In satisfaction thereof, he pleaded guilty to this crime and waived his right to appeal. In accordance with the plea agreement, he was sentenced by Oneida County Court to five years of probation.[1]
Defendant’s probation was subsequently transferred to Warren County and he was charged with violating its terms by failing to complete a mandatory substance abuse evaluation and using drugs and alcohol. Warren County Court told defendant that a prison sentence of 2V3 to 7 years could be imposed. Defendant, however, admitted to these violations and, in return, Warren County Court continued his probation upon the additional condition that he participate in treatment court, recognizing that he could benefit from such treatment. Warren County Court further warned defendant that any violation of the probation conditions could result in a prison sentence. Within four months, defendant, against the advice of staff, left the program that was part of treatment court and was again charged with violating his probation. As a result, his probation was revoked and he was resentenced to 2 to 6 years in prison. Defendant now appeals.
*1043 Defendant’s sole contention is that the resentence is harsh and excessive.[2] We disagree. Notwithstanding his young age and lack of an extensive criminal record, defendant has a serious drug and alcohol problem. Defendant was afforded an opportunity to avoid a period of incarceration, but he has nevertheless exhibited a repeated unwillingness to comply with the terms of his probation despite being notified of the potential consequences of defying such terms. Therefore, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]; People v Miller, 113 AD3d 935, 936 [2014], lv denied 22 NY3d 1201 [2014]; People v Dowling, 92 AD3d 1034, 1035 [2012], lv denied 18 NY3d 993 [2012]).
Peters, P.J., and Egan Jr., J., concur.

. The first six months were to be served in the Oneida County jail, but defendant was serving time on a prior probation violation, to which the sentence was to run concurrently, and he was sentenced to time served on the jail portion of the sentence.

. We note that defendant is not precluded from raising this claim by the waiver of the right to appeal that he entered in connection with his original guilty plea (see People v Vallance, 137 AD3d 1327, 1327-1328 [2016]; People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]).