*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017          106693
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

RICHARD SHORTELL,
                    Appellant.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____


        Theodore J. Stein, Woodstock, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas J. Evanovich of counsel), for respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered January 6, 2014 in Clinton County, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree and aggravated family offense.

        Defendant was charged in a two-count indictment with criminal contempt in the second degree and aggravated family offense stemming from the violation, in May 2013, of an order of protection directing defendant to stay 1,000 feet from the victim.  As a prerequisite to charging defendant with aggravated family offense, the People filed a special information alleging, among other things, that defendant had been convicted of criminal contempt in the second degree on December 10, 2012.  Following a jury trial, defendant was convicted as charged and was thereafter

sentenced to a one-year term in county jail on the criminal contempt conviction and a 1⅓ to 4-year prison term on the aggravated family offense conviction. Defendant appeals, and we affirm.

Defendant's sole contention on appeal, that the People failed to prove that he and the victim were members of the same family or household pursuant to CPL 530.11 (1), is without merit. CPL 530.11 (1) (e) provides that the term "members of the same family or household" includes "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time. Factors . . . consider[ed] in determining whether a relationship is an 'intimate relationship' include but are not limited to: the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship. Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an 'intimate relationship.'"

At trial, the victim testified that defendant had been her boyfriend for more than three years. According to the victim, defendant had lived with her "most of the time" for the prior three years. The victim also testified that she was sexually intimate with defendant during their relationship. Moreover, a police officer testified that defendant had stated – after law enforcement found him in the woods with the victim in May 2013 – that he was "just trying to be with his girl" and that he and the victim had just had sex. Considering the foregoing, legally sufficient evidence supported the conclusion that defendant and the victim were in an intimate relationship (see CPL 530.11 [1] [e]; cf. Matter of Samantha I. v Luis J., 122 AD3d 1090, 1091-1092 [2014]; Matter of Jessica D. v Jeremy H., 77 AD3d 87, 88-90 [2010]), and, granting appropriate deference to the jury's credibility determinations (see People v Shoemaker, 119 AD3d 1073, 1074 [2014], lv denied 25 NY3d 992 [2015]), the finding that defendant and the victim were in an intimate relationship is not against the weight of the evidence.

Garry, Rose, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court