Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 12, 2015, (1) convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, and (2) which revoked defendant’s probation and imposed a sentence of imprisonment.
In 2009, defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal. Under the terms of the plea agreement, he was sentenced to five years of probation. Although he was charged in 2012 and again in 2013 with violating the conditions of his probation, his probation was continued. In February 2015, defendant was charged with violating the conditions of his probation a third time. Shortly thereafter, he was charged in a multicount indictment with numerous crimes arising from his involvement in a drug distribution ring and the violation of probation petition was amended accordingly. County Court conducted plea proceedings to address the criminal charges filed against defendant in the new indictment, as well as the charges in the amended violation of probation petition. Under the terms of the plea agreement, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of the new indictment and waived his right to appeal, both orally and in writing, and admitted to violating a condition of his probation. In accordance with the terms of the plea agreement, on the new attempted burglary conviction, he was sentenced as a second violent felony offender to five years in prison, to be followed by five years of post-release supervision. In addition, on the original attempted burglary conviction, his probation was revoked and he was resentenced to five years in prison, to be followed by three years of postrelease supervision. These sentences were to run consecutively. Defendant now appeals.
*1488 Defendant’s sole contention is that the sentence is harsh and excessive. With respect to his sentence on the new attempted burglary conviction, he is precluded from raising this claim by his valid waiver of the right to appeal (see People v Moulton, 134 AD3d 1251, 1252 [2015]; compare People v Headspeth, 78 AD3d 1418, 1419 [2010]). However, the appeal waiver in connection with the original sentence on the attempted burglary conviction does not preclude him from challenging the severity of the resentence (see People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]; People v Lavalley, 100 AD3d 1151, 1151 n [2012]). The record reflects defendant’s lengthy criminal history, repeated violations of the terms of his probation and his discharge from several substance abuse treatment opportunities for multiple transgressions. On the record before us, “we discern neither extraordinary circumstances nor an abuse of discretion warranting a reduction of his agreed-upon sentence in the interest of justice” (People v Vallance, 137 AD3d 1327, 1328 [2016]; see People v McFadden, 127 AD3d at 1341). Accordingly, the judgment must be affirmed.
Egan Jr., J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.
Ordered that the judgment is affirmed.