People v Sindoni (2018 NY Slip Op 00867)





People v Sindoni


2018 NY Slip Op 00867


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

108043

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GEORGE J. SINDONI, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Aaron A. Louridas, Delmar, for appellant.
Kirk O. Martin, District Attorney, Owego (Palmer J. Pelella of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Tioga County (Smith, J.), rendered April 3, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2010, defendant pleaded guilty to attempted burglary in the second degree with the understanding that, if he successfully completed drug treatment court, he would be sentenced to five years of probation. In 2012, despite failing to complete drug treatment court, defendant was sentenced to five years of probation. In 2014, defendant admitted to violating his probation by, among other things, failing to complete substance abuse treatment. County Court adjourned sentencing on more than one occasion to provide defendant with an opportunity to complete a treatment program and warned defendant that he risked a prison
sentence if he failed to do so. In 2015, defendant was again discharged from substance abuse treatment prior to completing the program. County Court revoked his probation and resentenced him to five years in prison and three years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's sole contention on appeal — that the resentence is harsh and excessive — is unpersuasive. Initially, the fact that his codefendant may have received a lesser sentence does not warrant a modification of the resentence (see People v Foli, 145 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1031 [2017]; People v Irizarry, 289 AD2d 875, 876 [2001]). Further, defendant understood that the crime to which he pleaded guilty carried a potential sentence of up to seven years in prison. He was thereafter provided several opportunities to avoid prison and squandered them. Under these circumstances, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the resentence in the interest of justice (see [*2]People v Mahl, 143 AD3d 1042, 1043 [2016]; People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.