People v Warren (2018 NY Slip Op 02835)





People v Warren


2018 NY Slip Op 02835


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

107782

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERIC J. WARREN, Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jamie A. Douthat of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 5, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.
Defendant waived indictment and pleaded guilty to criminal possession of stolen property in the third degree pursuant to a plea agreement that required a waiver of appeal. Consistent with the agreement, defendant was sentenced, as an admitted second felony offender, to a prison term of 2 to 4 years and now appeals.
We affirm. Initially, as the People concede, defendant's appeal waiver was invalid, as the record fails to reflect, among
other deficiencies, that County Court advised him that the waiver of appeal was separate and distinct from the trial-related rights that were automatically forfeited by his guilty plea or that defendant understood its ramifications (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Loika, 153 AD3d 1516, 1517 [2017]). While the record contains a signed written waiver of appeal, there is no mention of it on the record and the circumstances under which it was signed are not reflected (see People v Cotto, 156 AD3d 1063, 1063 [2017]; cf. People v Lester, 141 AD3d 951, 953 [2016], lv denied 28 NY3d 1185 [2017]). Accordingly, defendant's challenge to the agreed-upon sentence as harsh and excessive is not precluded (see People v Cox, 146 AD3d 1154, 1155 [2017]), although we find it to be unavailing. To that end, defendant's plea stemmed from his possession of numerous items stolen from different homes, and he has an extensive [*2]felony history with multiple prison terms and parole revocations. County Court considered all of the relevant sentencing factors, and we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v McFadden, 127 AD3d 1340, 1341 [2015], lv denied 26 NY3d 932 [2015]; People v Vallance, 137 AD3d 1327, 1327-1328 [2016]). We note that the negotiated sentence was the minimum permissible prison sentence (see Penal Law § 70.06 [3] [d]; [4] [b]) and, while defendant argues that defense counsel was ineffective for "fail[ing] to argue for a more favorable sentence," namely, parole supervision under CPL 410.91, this claim was not preserved by an appropriate postallocution motion and the record does not establish his eligibility therefor (see People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]). To the extent that this claim implicates matters outside the record regarding the plea negotiations, it is more appropriately considered in a motion pursuant to CPL article 440 (see People v Hayden, 155 AD3d 1309, 1311 [2017]).
McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.