People v Steenberg (2018 NY Slip Op 03777)





People v Steenberg


2018 NY Slip Op 03777


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

108667

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEREMIAH M. STEENBERG, Appellant.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered June 22, 2016, which revoked defendant's periods of probation and imposed sentences of imprisonment.
In April 2013, defendant pleaded guilty in St. Lawrence County to felony driving while intoxicated and he was sentenced to five years of probation. His probation supervision was then transferred to Franklin County. In March 2014, he pleaded guilty in Franklin County to aggravated driving while intoxicated, and he was again sentenced to five years of probation. Thereafter, defendant was charged with violating the terms of both probationary sentences, including the condition that he abide by
all provisions of his Franklin County Drug Treatment Court participation contract. Defendant subsequently agreed to admit to the probation violations, with the understanding that County Court would revoke his probation and resentence him to no more than 1 to 3 years in prison on each of the alleged violations, with such sentences running consecutively. The terms of the agreement also required defendant to waive his right to appeal. Following defendant's admissions, County Court revoked defendant's probation and resentenced him to an aggregate prison term of 2 to 6 years, to be followed by a three-year conditional discharge. Defendant now appeals.
Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid, [*2]as the record does not disclose that he was informed of the separate and distinct nature of the waiver or that he fully understood its ramifications at the time that he admitted to the probation violations (see People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Aubain, 152 AD3d 868, 869 [2017]; compare People v Bartlett, 148 AD3d 1468, 1469 [2017]). Given the invalidity of the appeal waiver, defendant's additional claim — that the consecutive sentences imposed by County Court upon resentencing are harsh and excessive [FN1] — is not precluded (see People v Meddaugh, 150 AD3d 1545, 1548 [2017]; People v Zabawczuk, 128 AD3d 1267, 1269 [2015], lv denied 26 NY3d 937 [2015]). Nevertheless, we find defendant's argument to be without merit. Defendant had multiple driving while intoxicated convictions and repeatedly violated numerous conditions of his probation, with many of these violations arising out of his unsuccessful participation in drug treatment court. Significantly, he was fully aware at the time that he admitted to the probation violations that consecutive sentences would be imposed. Consequently, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the resentences in the interest of justice (see People v Joseph PP., 153 AD3d 970, 971-972 [2017]; People v Klemko, 150 AD3d 1487, 1488 [2017]; People v Hawke, 270 AD2d 646, 647 [2000]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant has been released to parole supervision and maintains that the consecutive sentences have resulted in an excessive period of parole supervision.