People v Love (2020 NY Slip Op 02332)





People v Love


2020 NY Slip Op 02332


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

110510

[*1]The People of the State of New York, Respondent,
v
Justin P. Love, Appellant.

Calendar Date: March 20, 2020

Before: Egan Jr., J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Jamie Biondolillo of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 19, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with two counts of burglary in the third degree with the understanding that he would be placed on interim probation for one year in order to earn a sentence of "straight probation." The plea agreement also required defendant to waive his right to appeal. Following his guilty plea, County Court placed defendant on interim probation subject to various terms and conditions, including that he make monthly restitution payments. When defendant returned to County Court at the expiration of his interim probation, the court sentenced defendant to five years of probation — notwithstanding defendant's failure to make all of the required restitution payments.
Defendant subsequently was charged with violating his probation in numerous respects. After waiving a violation hearing, defendant admitted to violating numerous terms of his probation with the understanding that he would be sentenced to concurrent prison terms of 1&frac23; to 5 years. County Court imposed the agreed-upon sentence and ordered that defendant be enrolled in the shock incarceration program. This appeal ensued.
We affirm. Defendant initially contends that his waiver of the right to appeal is invalid. The challenged waiver arose in the context of defendant's initial guilty plea; the waiver of appeal did not encompass any potential probation violations and/or the disposition thereof (compare People v Marable, 164 AD3d 1542, 1543 [2018], lv denied 32 NY3d 1126 [2018]), nor did defendant separately waive his right to appeal in the context of his admissions to the probation violations (compare People v Huntley, 177 AD3d 1034, 1035 [2019]; People v Bailey, 157 AD3d 1133, 1134 [2018], lv denied 31 NY3d 981 [2018]). Accordingly, even assuming — without deciding — that the subject appeal waiver is valid, it does not preclude defendant's challenge to the severity of the resentence imposed following the revocation of his probation (see People v Morton, 173 AD3d 1445, 1446 [2019], lv denied 34 NY3d 935 [2019]; People v Klemko, 150 AD3d 1487, 1488 [2017]). That said, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon resentence in the interest of justice (see e.g. People v Montpetit, 170 AD3d 1341, 1342 [2019]; People v Regan, 162 AD3d 1414, 1415 [2018]).
Egan Jr., J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.