People v Reese (2022 NY Slip Op 04672)

People v Reese

2022 NY Slip Op 04672

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112315
[*1]The People of the State of New York, Respondent,
v
Kenneth Reese, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Ceresia and Fisher, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Michael Abbruzzese of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Richey, J.), rendered January 17, 2020, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to unlawful manufacture of methamphetamine in the third degree and was sentenced to five years of probation subject to various terms and conditions, including that he report to the Probation Department as instructed and refrain from committing additional criminal offenses. Defendant subsequently was charged with and admitted to violating those terms of his probation, whereupon County Court revoked defendant's probation and resentenced him to the agreed-upon prison term of 1½ years followed by one year of postrelease supervision.[FN1] This appeal ensued.
Defendant's sole argument upon appeal is that the negotiated resentence is harsh and excessive. To be sure, "defendant's waiver of the right to appeal entered in connection with his original plea does not preclude him from now challenging the severity of the resentence" imposed (People v Lavalley, 100 AD3d 1151, 1151 n [2012]; see People v Love, 182 AD3d 868, 868 [2020]; People v Morton, 173 AD3d 1445, 1446 [2019], lv denied 34 NY3d 935 [2019]; People v Montpetit, 170 AD3d 1341, 1342 [2019]). That said, upon due consideration of the relevant factors, including defendant's criminal history, we do not find the agreed-upon resentence to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's admissions and resulting resentence also disposed of additional pending criminal charges.