People v Florance (2022 NY Slip Op 05238)

People v Florance

2022 NY Slip Op 05238

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112228
[*1]The People of the State of New York, Respondent,
v
Thomas C. Florance, Appellant.

Calendar Date:September 2, 2022

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered November 26, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
In April 2019, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired by drugs and waived the right to appeal. County Court sentenced defendant to five years of probation and advised him that if he violated the terms and conditions of his probation, he could be sentenced to up to 1&frac13; to 4 years in prison. In August 2019, a uniform court report was filed alleging that defendant had violated the terms of his probation by, among other things, failing to report to his probation officer, changing his residence without informing his probation officer and actively using methamphetamines while under probation supervision. Defendant waived a hearing and admitted to violating the terms and conditions of his probation, with the understanding that sentencing would be adjourned six months to allow him to complete a substance treatment program. County Court advised defendant that, if he failed to complete the program, a prison sentence could be imposed. After defendant left the treatment program prior to completion, a warrant was issued for his arrest. Following his arrest, County Court revoked defendant's probation and resentenced him to a prison term of 1 to 4 years. Defendant appeals.
Defendant's sole contention on appeal is that his resentence is harsh and excessive. Although this contention is not precluded by defendant's waiver of the right to appeal in connection with his original plea (see People v Lavalley, 100 AD3d 1151, 1151 n [3d Dept 2012]), the records of the Department of Corrections and Community Supervision reflect that defendant has been released from prison and has recently reached the maximum expiration date of his sentence. Accordingly, this issue is moot (see People v Ramsoondar, 206 AD3d 1157, 1161 [3d Dept 2022]; People v Taylor, 194 AD3d 1264, 1266 [3d Dept 2021], lv denied 37 NY3d 975 [2021]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.