People v Hutchins (2023 NY Slip Op 02040)

People v Hutchins

2023 NY Slip Op 02040

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

113271 
[*1]The People of the State of New York, Respondent,
v
Sharyn M. Hutchins, Appellant.

Calendar Date:March 24, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ. 

Angela Kelley, East Greenbush, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered August 30, 2021, which revoked defendant's probation and imposed a sentence of imprisonment.
In November 2019, defendant was convicted upon her plea of guilty of felony driving while intoxicated and was sentenced to five years of probation, subject to various terms and conditions. In May 2021, defendant was charged with violating her probation by, as relevant here, consuming alcohol and driving a motor vehicle that was not equipped with an interlock ignition device. At her arraignment, defendant elected to plead guilty to the foregoing violations and, after defendant was advised of the possible dispositions, including her potential sentencing exposure, the matter was adjourned in order to afford defendant the opportunity to apply for participation in a drug treatment court program. When defendant was not accepted into the treatment program, sentencing was twice adjourned — in part to permit defendant to undergo certain medical tests. Ultimately, County Court — citing defendant's prior lack of success on probation — revoked defendant's probation and resentenced her to a prison term of 1 to 3 years. This appeal ensued.
We affirm. Preliminarily, we reject the People's assertion that defendant is precluded from challenging the severity of her resentence. It is clear from the record that defendant's waiver of the right to appeal "arose in the context of defendant's initial guilty plea . . . [and] did not encompass any potential probation violations and/or the disposition thereof, nor did defendant separately waive [her] right to appeal in the context of [her] admissions to the probation violations" (People v Love, 182 AD3d 868, 868 [3d Dept 2020] [internal citation omitted]). Hence, even assuming — without deciding — that such waiver is valid, "it does not preclude defendant's challenge to the severity of the resentence imposed following the revocation of [her] probation" (id.). As to the merits, although there was some initial confusion regarding certain readings obtained from the interlock ignition device, defendant explained the apparent discrepancy prior to resentencing, and defendant's assertion that County Court relied upon erroneous information in this regard when resentencing her finds no support in the record. To the contrary, it was defendant's cumulative history that prompted County Court to conclude that a period of incarceration was warranted. Accordingly, upon consideration of all of the relevant circumstances, we do not find the resentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.