People v Lamica (2024 NY Slip Op 00468)

People v Lamica

2024 NY Slip Op 00468

Decided on February 1, 2024 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024 

110739
[*1]The People of the State of New York, Respondent,
v
Rupert L. Lamica Jr., Appellant.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Edward S. Graves, Indian Lake, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered September 5, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In June 2017, in full satisfaction of an indictment charging defendant with drug-related crimes, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. Ultimately, County Court sentenced defendant, as a second felony drug offender, to six months in jail, to be followed by concurrent five-year terms of probation. In February 2018, a violation of probation petition was filed against defendant alleging that he had violated several conditions of his probation. In April 2018, pursuant to a negotiated disposition, defendant admitted to violating two conditions of probation in exchange for continued probation during a six-month adjournment after which time, if defendant successfully adhered to the conditions of probation, County Court would commit to resentencing defendant to probation. Defendant subsequently failed to comply in several respects with the terms and conditions of probation, and, as a result, County Court revoked defendant's probation and resentenced him to concurrent prison terms of four years, to be followed by three years of postrelease supervision. Defendant appeals.
Although defendant claims that his waiver of the right to appeal is invalid, the challenged waiver arose in the context of his initial guilty plea. Furthermore, it neither encompassed any potential probation violations nor did defendant separately waive the right to appeal in the context of the admissions to the probation violations (see People v Reese, 207 AD3d 958, 958-959 [3d Dept 2022], lv denied 38 NY3d 1190 [2022]; People v Love, 182 AD3d 868, 868 [3d Dept 2020]). As such, "[d]efendant's arguments regarding [the] waiver of appeal are misplaced as no oral or written waiver was contemplated or executed with regard to [his] admissions" to the alleged probation violations (People v Curry, 210 AD3d 1203, 1205 n 2 [3d Dept 2022]).
Defendant's claims relative to the information contained in the violation of probation update that was considered by County Court at resentencing, as well as any challenge to the voluntariness of defendant's admission to the probation violations, are unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Purdie, 205 AD3d 1225, 1225 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Setzer, 83 AD3d 1123, 1124 [3d Dept 2011]; People v Clark, 80 AD3d 1079, 1079 [3d Dept 2011]). "Additionally, defendant did not make any statements during the course of his admission [or at resentencing] that triggered the narrow exception to the preservation requirement, and we decline defendant's invitation to take corrective action in the interest of justice" (People v Purdie, 205 AD3d [*2]at 1225 [internal citations omitted]).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.