People v Brabant (2024 NY Slip Op 03780)

People v Brabant

2024 NY Slip Op 03780

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

112227 112702
[*1]The People of the State of New York, Respondent,
v
Jacob R. Brabant, Appellant.

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant, and appellant pro se.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered December 16, 2019, convicting defendant upon his plea of guilty of the crime of aggravated family offense (three counts), and (2) by permission, from an order of said court (Gregory P. Storie, J.), entered February 11, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with four counts of aggravated family offense and four counts of criminal contempt in the second degree stemming from his conduct on two days in December 2018, while incarcerated, in intentionally disobeying a no-contact order of protection against a member of his family or household by making phone calls to her (see Penal Law § 240.75 [1], [2]). At the arraignment, County Court (Richards, J.) reportedly signed a temporary no-contact order of protection in favor of the victim.[FN1] On July 29, 2019, defendant accepted a plea offer pursuant to which he would plead guilty to two counts of aggravated family offense (counts 1 and 5) in exchange for a promised prison term, as a second felony offender, of 2 to 4 years on each count, to be served consecutively, and executed a waiver of appeal. The guilty plea would be in satisfaction of numerous other charges. When defendant requested to be released to probation supervision pending sentencing, the court refashioned the plea agreement, which defendant accepted, to provide that he would also enter a guilty plea to a third count of aggravated family offense (count 3). If he were compliant with the release conditions, the court would vacate that plea; however, if he violated the conditions, the plea on count 3 would not be vacated and the court could sentence him upon that conviction to an additional term of 2 to 4 years, to be served consecutively to the other prison terms. Defendant then pleaded guilty to the three counts of aggravated family offense and was released on probation supervision.
On August 5, 2019, defendant was returned to court on a bench warrant. County Court advised that it had been informed that defendant had injured the victim, and then read into the record a notarized letter from the victim's mother making representations that the victim was residing with defendant and that defendant had assaulted her, for which she received medical attention at a hospital emergency room. The court also indicated that attached to the letter were copies of text and email messages ostensibly between the victim and her mother. After a brief inquiry, the court concluded that defendant had violated the conditions of the order of protection and, correspondingly, the conditions of his release and plea agreement. The court denied defense counsel's request for a hearing to cross-examine the victim's mother regarding her allegations, which defendant disputed.
Represented by a third defense counsel — his prior two having been relieved — defendant [*2]moved to withdraw his guilty plea as not knowing, voluntary or intelligent, and County Court denied the motion. The court sentenced defendant, as a second felony offender, to three consecutive prison terms of 2 to 4 years and issued a no-contact order of protection in favor of the victim.
Defendant thereafter moved, pro se, to vacate the judgment of conviction pursuant to CPL article 440 based upon, among other grounds, ineffective assistance of counsel. County Court (Storie, J.) denied the motion. Defendant appeals from the judgment of conviction and, by permission, from the denial of his motion to vacate.
Initially, defendant argues that his plea was not knowing, voluntary or intelligent, a claim that survives his unchallenged waiver of appeal (see People v Goodwalt, 205 AD3d 1070, 1072 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]).[FN2] Specifically, defendant contends that he negated an essential element of the crime of aggravated family offense during the plea allocution by denying that he and the victim were "members of the same family or household" as required by Penal Law § 240.75, thereby triggering the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; see also People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]).
"A person is guilty of aggravated family offense when he or she commits one of the statutorily enumerated specified offenses set forth in Penal Law § 240.75 (2) against a person in his or her same family or household and, within the preceding five years, has also been convicted of at least one other specified offense against a person in his or her family or household" (People v Ramsoondar, 206 AD3d 1157, 1158 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Saenger, 39 NY3d 433, 437 [2023]).[FN3] The specified offense charged in all three counts was criminal contempt in the second degree, an offense enumerated in Penal Law § 240.75 (2). During the plea allocution to count 1, defendant initially equivocated regarding the nature of his relationship with the victim, but ultimately acknowledged that she was his "girlfriend, or [his] fiancÉe, I guess. Girlfriend" and that "sometimes she spent the night at [his] house." When defendant explained that the victim had her own home, County Court (Richards, J.) stated that it did not matter whether defendant and the victim maintained separate residences, explaining that "[t]he question is were you at some point in time cohabitating together in the same residence." Defendant responded in the affirmative. Thereafter, when he entered a guilty plea to count 5, defendant admitted that the victim was a member of his family or household. Under CPL 530.11 (1) (e), "members of the same family or household" include "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (see People v Shortell[*3], 146 AD3d 1076, 1077 [3d Dept 2012]).[FN4] The question here is whether defendant and the victim were or had been involved in an "intimate relationship" and not, as the court instructed, whether they had cohabited in the same residence. Even so, we find that defendant clearly acknowledged that he and the victim were involved in an "intimate relationship" even though they maintained separate residences.
Defendant also challenges the validity of his plea on the ground that count 5 alleged that he violated the order of protection by telephoning the victim "on or about December 12, 2019 at 10:20 [p.m.]," which he contends was factually impossible since the jail was on lockdown at that time and he could not make phone calls after 10:00 p.m. When defendant raised this issue during the plea allocution, County Court suggested that the count be amended as to time, which is not an element of the crime (see CPL 200.70 [2]). After the parties conferred off the record, defendant pleaded guilty to count 5 without amendment. Having proceeded to enter a guilty plea to this unamended count without objection, aware of the potential time discrepancy, defendant waived any challenge to the non-elemental factual allegations in count 5 (see People v Duboy, 150 AD2d 882, 884 [3d Dept 1989], lv denied 74 NY2d 846 [1989]; see also People v Dickerson, 198 AD3d 1190, 1193 [3d Dept 2021]).[FN5] Defendant's further challenges to the factual sufficiency of the plea allocution or the factual allegations in the indictment were not raised in his motion to withdraw his guilty plea and are thus unpreserved for our review; moreover, with respect to counts 1 and 5, the challenges were forfeited by his unchallenged waiver of appeal (see People v Nolan, 224 AD3d 996, 997 [3d Dept 2024]; People v Dickerson, 198 AD3d at 1193).
Defendant further contends that the indictment was jurisdictionally defective for failing to name the victim of the crime, a claim that is not waived by a guilty plea and can be raised for the first time on appeal (see People v Guerrero, 28 NY3d 110, 116 [2016]). "An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (id. [internal quotation marks and citations omitted]; see People v Saenger, 39 NY3d at 438). "[T]here is no per se rule that requires an indictment to name the victim for each count alleged[. Instead,] the indictment and bill of particulars must provide sufficient alternative information identifying the charged crime to satisfy statutory and constitutional requirements" (People v Sanchez, 84 NY2d 440, 446 [1994]; see People v Stanley, 23 AD3d 683, 684 [3d Dept 2005], lv denied 6 NY3d 818 [2006]). The identity of the victim, i.e., the member of defendant's family or household against whom the specified offense of criminal contempt in the second degree [*4]was committed, is not an element of aggravated family offense under Penal Law § 240.75 (see People v Saenger, 39 NY3d at 437; People v Stanley, 23 AD3d at 684; People v Santos, 21 Misc 3d 360, 371 [Sup Ct, Nassau County 2008]). Here, although the indictment did not name the victim, it set forth the Penal Law provisions violated, the time and place of the crime, and the conduct of which defendant was accused, sufficiently charging the crime of aggravated family offense and apprising him of the conduct forming the basis for the charges. As such, the counts in the indictment were not jurisdictionally defective.
Next, defendant argues that County Court deprived him of due process when it summarily found that he had violated the conditions of the plea agreement, denying his request for a hearing to question the mother. As the People concede, this claim has merit. As a result of the court's finding, defendant was not afforded an opportunity to withdraw his guilty plea to count 3 of the indictment,[FN6] as had been contemplated by the plea terms if he abided by his release conditions pending sentencing, and an additional consecutive prison term of 2 to 4 years was imposed on that count. Thus, defendant received not only a longer aggregate prison term but also an additional felony conviction.
"It is well established that the violation of an explicit and objective plea condition that was accepted by the defendant can result in the imposition of an enhanced sentence" (People v Dibble, 222 AD3d 1110, 1111 [3d Dept 2023] [internal quotation marks and citations omitted]), and, conversely, "a sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Maclean, 226 AD3d 1178, 1181 [3d Dept 2024] [internal quotation marks and citations omitted]). A full evidentiary hearing is not required and "the nature and extent of the inquiry — whether through a summary hearing pursuant to CPL 400.10 or some other fair means — is within the court's discretion" (People v Driscoll, 131 AD3d 766, 767 [3d Dept 2015] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 996 [2016]; see People Fiammegta, 14 NY3d 90, 97 [2010]; People v Outley, 80 NY2d 702, 713 [1993]; see e.g. People v Williams,27 NY3d 212, 217 [2016]; People v Maclean, 226 AD3d at 1181-1182; People v Larock, 211 AD3d 1234, 1236 [3d Dept 2022]; People v Turner, 158 AD3d 892, 893 [3d Dept 2018]).
On this record, we find that County Court failed to conduct a sufficient inquiry to confirm that a violation of the plea terms occurred, depriving defendant of his due process right to contest the violation allegations (see People v Dibble, 222 AD3d at 1111; compare People v Maclean, 226 AD3d at 1181, 1182; People v Sims, 207 AD3d 882, 883, 885 [3d Dept 2022], affd 41 NY3d 995 [*5][2024]; People v Kocher, 116 AD3d 1301, 1302-1303 [3d Dept 2014]). Accordingly, the sentence imposed with regard to defendant's guilty plea to count 3 of the indictment must be vacated and the matter remitted on that count for a hearing to determine whether defendant violated the terms of the plea agreement with regard to his release conditions, and, if so, for resentencing on that charge; if it is determined that defendant did not violate the plea terms, County Court is directed to afford him the benefit of the plea agreement, which provided that his guilty plea on that count would be vacated. Defendant's challenge to the sentence imposed on his convictions for aggravated family offense under counts 1 and 5 of the indictment as harsh and excessive is precluded by his unchallenged waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Nolan, 224 AD3d at 998).
Finally, defendant contends that defense counsel who represented him at sentencing was ineffective due to her failure to object to certain statements by County Court at sentencing or to advocate for a lower sentence.[FN7] This claim is apparently raised on both direct appeal and the appeal from the denial of defendant's pro se motion to vacate, which was premised in part on claims of ineffective assistance of counsel. The record reflects that defense counsel, defendant's third assigned counsel in this matter, argued at sentencing that defendant should not be sentenced on count 3 of the indictment, an argument that had been unsuccessfully pursued by prior defense counsel who had opposed the court's finding that defendant violated the terms of the plea agreement. The court reiterated that ruling at sentencing when it made clear that the negotiated sentence following that violation would be consecutive 2 to 4 year prison terms on each of the three counts, which it intended to impose. Under these circumstances, we find defendant's claim of ineffective assistance of counsel unavailing.
Defendant also argues that defense counsel was ineffective for not challenging the legal sufficiency of the evidence that he committed these crimes, a claim that is unpreserved for our review as it was not raised in his motion to withdraw his guilty plea (see People v Sharpton, 225 AD3d 1097, 1098 [3d Dept 2024]). In any event, the record reflects that defendant's first assigned counsel moved for inspection of the grand jury minutes to determine the legal sufficiency of the evidence and County Court issued a decision finding that the evidence was legally sufficient. Any further challenge to the sufficiency of the evidence is foreclosed by defendant's guilty plea admitting the charged conduct (see People v Hinds, 217 AD3d 1138, 1140 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Brice, 146 AD3d 1152, 1154 [3d Dept 2017], lv denied 29 NY3d 996 [2017]). Defendant's plea agreement also avoided a lengthier prison sentence and resolved other pending charges. As such, we cannot say that defendant was [*6]denied meaningful representation (see People v Nunnally, 224 AD3d 992, 994 [3d Dept 2024], lv denied ___ NY3d ___ [May 7, 2024]). Finally, we find no abuse of discretion in County Court's (Storie, J.) denial of defendant's CPL 440.10 motion without a hearing (see CPL 440.30 [4]).
Garry, P.J., Egan Jr., Fisher and Powers, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed on count 3 of the indictment; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: The no-contact orders of protection are not in the record.

Footnote 2: Although defendant does not challenge the content or validity of the combined oral and written waiver of appeal, we agree with his contention that the waiver of appeal was entered only in connection with his guilty pleas to counts 1 and 5 of the indictment. The allocution and execution of the appeal waiver preceded his agreement to enter a guilty plea to count 3, and the appeal waiver was not reaffirmed after County Court refashioned the plea agreement and required him to enter a guilty plea to that count. As such, the appeal waiver does not encompass defendant's guilty plea to count 3 (see People v Hutchins, 215 AD3d 1144, 1145 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).

Footnote 3: The People filed a special information alleging that defendant had been convicted of criminal mischief in the fourth degree against a member of his family or household in 2017 (see CPL 200.63 [1]).
Footnote 4: Contrary to defendant's pro se claim, the victim of the indicted offenses and the victim of his prior conviction need not be members of the same family or household as one another (see Penal Law § 240.75 [3]).

Footnote 5: Although defendant subsequently raised this issue in his motion to withdraw his guilty plea, this was unavailing as he had already waived the challenge by pleading guilty to count 5 without objection or amendment.

Footnote 6: Although defendant did not raise this argument in subsequently moving to withdraw his guilty plea, defense counsel sufficiently preserved this claim by requesting a hearing to test the accuracy of the mother's hearsay representations and objecting to County Court's reliance on the mother's letter in finding that defendant had violated the conditions of the plea agreement (see CPL 470.05 [2]; cf. People v Sims, 207 AD3d 882, 885 [3d Dept 2022], affd 41 NY3d 995 [2024]).

Footnote 7: As to counts 1 and 5, to which the unchallenged waiver of appeal applies, this claim is "precluded by [defendant's] appeal waiver in the absence of any allegation that the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea" (People v Kidd, 210 AD3d 1148, 1150 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1073 [2023]).