People v Melendez (2025 NY Slip Op 02103)

People v Melendez

2025 NY Slip Op 02103

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

113235
[*1]The People of the State of New York, Respondent,
v
Joshua Melendez, Appellant.

Calendar Date:March 21, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

John R. Trice, Elmira, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered August 4, 2021, which revoked defendant's probation and imposed a sentence of imprisonment.
Pursuant to a negotiated agreement, defendant pleaded guilty to a superior court information charging him with two counts of robbery in the first degree and was sentenced to one year in prison upon his conviction under the first count and to six months in jail followed by five years of probation upon his conviction under the second count — said terms to run concurrently. Defendant subsequently was charged with violating the terms and conditions of his probation by, among other things, failing to report to his probation officer on multiple occasions. Defendant admitted to violating his probation in this regard, and County Court — consistent with the negotiated resolution — revoked defendant's probation and resentenced him to a prison term of 1&frac13; to 4 years. This appeal ensued.
Although defendant waived his right to appeal in connection with his initial guilty plea, he did not separately waive his right to appeal in the context of his probation violation. Hence, his challenge to the severity of the resentence imposed is not precluded (see People v Lister, 235 AD3d 1038, 1039 [3d Dept 2025]; People v Hutchins, 215 AD3d 1144, 1145 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). That said, upon due consideration of all of the relevant factors, we do not find the agreed-upon resentence, which falls within the mid-range of the legally permissible sentences that may be imposed for a class D felony (see Penal Law §§ 70.00 [2] [d]; [3] [b]; 160.05), to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment is affirmed.
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.